LORENZO S. CRAGIN & al. *versus* JAMES H. CARLETON & al.

Where the defendants were sued on a note given by a partnership name, and judgment was rendered against them by default, a copy of that judgment is competent evidence, as a concession that a partnership existed between them, in a suit against them as partners by a different plaintiff.

The effect of judgments is never to be explained by parol; and surely not by the declarations of the parties to them, in opposition to what is obviously imported by them.

ASSUMPSIT on a note, dated February 20, 1838, in favor of the plaintiffs against James H. Carleton, Robert R. Haskins and Romulus Haskins, alleged to have then been copartners, doing business in the name of J. H. Carleton & Co. Carleton and Romulus Haskins were defaulted; and the only question was, whether Robert R. Haskins was liable as a partner.

The note, which was admitted to have been signed by Carleton in the partnership name, was read to the jury. To prove that Robert R. Haskins was a partner, after the introduction of other evidence, the plaintiffs produced and offered in evidence a copy of a judgment against all the defendants,-recovered by default, at the return term of the writ, in the Court of Common Pleas for the county of Cumberland, March Term, 1838, in favor of the Oriental Bank, on a note given April 14, 1836, and signed by J. H. Carleton & Co. To the admission of this judgment in evidence the defendant objected. TENNEY J., presiding at the trial, permitted it to be read to the jury, as evidence of the admission by the defendant, R. R. Haskins, that he was a member of that firm. The counsel for the defendant then proposed to prove, that after the commencement of that suit, and before the default, the defendant consulted counsel in reference to a defence thereto, stating to the counsel that he was never a member of the firm of J. H. Carleton & Co. and that he had never in any way authorized the use of his name by that firm; that upon inquiry by his counsel, whether he considered the firm of Carleton & Co. solvent, he stated that he thought it was; and that upon the suggestion by his counsel, that the amount of the demand sued was small, and that the expense of litigating it at such distance would be

considerable, whether it would be best to resist it, he concluded, and so instructed his counsel, to let the action be defaulted. The plaintiffs objected to the admission of this evidence, and it was excluded by the Judge.

The defendant then consented to be defaulted, with leave to move to have the default taken off, if, in the opinion of the Court, the judgment was not admissible in evidence, or if the evidence offered by the defendant, and rejected, was admissible.

*A. Walker*, for the defendant, contended that the Judge erred, both in admitting the record of judgment, and in excluding the evidence offered; and cited, *Lane v. Burgess*, 3 Greenl. 165; *New England Bank v. Lewis*, 8 Pick. 113; 6 T. R. 275; 2 W. Bl. 827; 9 Conn. R. 309; *Kimball v. Morrell*, 4 Greenl. 368; 1 Phil. Ev. 84; 2 Stark. Ev. 48; 3 Johns. R. 427; 10 Johns. R. 365; 11 Johns. R. 161; 9 Johns. R. 141; *Storer v. Gowen*, 18 Maine R. 174; 7 Ves. 508; 5 Ves. 700.

*J. A. Poor*, for the plaintiff, contended that the ruling of the Judge was correct in both particulars; and cited, *Ellis v. Jameson*, 17 Maine R. 235; *Fogg v. Greene*, 16 Maine R. 282; *Casco Bank v. Hills*, ib. 155.

The opinion of the Court, Shepley J. taking no part in the decision, having been employed at the time of the argument in trying jury causes in the County of Piscataquis, was drawn up by

Whitman C. J. — The only questions raised by the defendants are, whether a judgment entered against them, as copartners upon default, in a suit between them and persons other than the plaintiffs, was admissible in this case to prove their copartnership; and, if it was, whether the reasons given by one of the defendants, who denies that he was a partner, disclosed by him to his counsel for suffering a default to be entered in that suit, were admissible together with the advice of his counsel thereon, by way of showing that the default should not be taken to be a concession that a partnership existed be-

tween them. As to the first question, we cannot regard it otherwise than as settled by the case of *Ellis* v. *Jameson,* 17 Maine R. 235, that such judgment is admissible. And, as to the other, we are not aware of any precedent in support of such a proposition ; but, on the contrary, the rules of evidence seem to be diametrically opposed to it. The effect of judgments is never to be explained by parol; and surely not by the declarations of the parties to them, in opposition to what is obviously imported by them.

*Judgment on the default.*