SCHUMERT & WARFIELD, Limited, et al. v. SECURITY BREWING CO.

(District Court, E. D. Louisiana. October 8, 1912.)

No. 1,668.

1. BANKRUPTCY (§ 60*)—ACT OF BANKRUPTCY—ADJUDICATION.
    Where a receiver of a corporation was appointed, not for the corporation's insolvency, but because of the failure of a bank with which the corporation had done business, the appointment of such receiver did not constitute an act of bankruptcy for which the corporation could be adjudged a bankrupt.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. § 60.*]

2. WITNESSES (§ 71*)—COMPETENCY—JUDGE OF COURT.
    Where an order appointing a receiver for a corporation did not specify the ground for such appointment, the judge making the order was a competent witness to testify that the receiver was appointed owing to the failure of a bank with which the corporation did business, and not because of insolvency.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 184; Dec. Dig. § 71.*]

In Bankruptcy. Petition by Schumert & Warfield, Limited, and others for an adjudication in bankruptcy against the Security Brewing Company. Verdict having been rendered for defendant, petitioners move for a new trial, and to enter judgment non obstante. Denied.

Lazarus, Michel & Lazarus, of New Orleans, for plaintiffs.
Walter L. Gleason and Meyer S. Dreifus, both of New Orleans, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FOSTER, District Judge. In this matter certain creditors of the Security Brewing Company filed a petition to have it adjudicated a bankrupt, alleging as its acts of bankruptcy, first, that the said company while insolvent applied to the civil district court for the parish of Orleans for the appointment of a receiver; and, second, that because of insolvency receivers were appointed by said court to take charge of its assets and to administer its affairs. The corporation answered, denying insolvency and denying that the receivers had been appointed on the ground of insolvency, and alleging that the receivers were appointed to facilitate the operation of its business because of the suspension of the Teutonia Bank & Trust Company with which it did its banking business.

[1] The question as to the insolvency of the corporation on the 17th day of April, 1912, on which day the receivers were applied for, was tried to a jury and resulted in a special finding that the corporation was not then insolvent. I am not disposed to set aside this finding. While the evidence was conflicting, the jury was competent to determine the controversy before it, and there was ample evidence to sustain the verdict.

But plaintiffs urge that the question presented by their petition, that receivers were appointed to the corporation because of insolvency, was not before the jury, and has not been passed upon by the court. They contend that it is immaterial as a matter of fact whether the corporation was insolvent or not if the record of the state court shows that insolvency was the ground, or one of the grounds, upon which the receivers were appointed; and that, as allegations of insolvency were made in the petition and not denied, this court must conclusively presume that one of the grounds for the appointment of receivers was that of insolvency. The petition in the state court to provoke the appointment of a receiver was by the Teutonia Bank & Trust Company through the State Bank Examiner, engaged in liquidating its affairs. It alleges the said bank to be the creditor of the brewery in large sums, but does not allege a final executory judgment to have been rendered on same. It contains, among others, these averments:

"That the said Security Brewing Company is insolvent, and that the petitioner believes that it is to the interest of the stockholders and creditors that a receiver be appointed to wind up and liquidate the affairs of the said corporation according to law. That the board of directors of the Security Brewing Company has declared by resolution that the corporation is unable to meet its obligations and that a receiver is necessary to preserve and administer its assets for the benefit of all concerned."

The brewery answered as follows:

"Now into court comes the Security Brewing Company, made defendant herein, and for answer to the demands of plaintiff admits that the board of directors of the said corporation have passed a resolution, declaring that the said corporation is unable to meet its obligations as they mature and that a receivership is necessary. Wherefore they pray that a receiver be appointed and for general relief."

The court entered judgment as follows:

"In this matter submitted to the court for adjudication, the court considering the law and the evidence, and, for the reasons orally assigned, it

is ordered, adjudged, and decreed that there be judgment appointing T. Walter Danziger and John Legier, Jr., coreceivers of the Security Brewing Company, with full authority to take charge of its assets and administer its affairs as a going concern."

For the sake of argument it may be conceded that the failure to deny insolvency conclusively admitted it, but it does not follow that insolvency should necessarily be considered as one of the grounds upon which the receivers were appointed. Formerly the state courts of Louisiana appointed receivers to corporations much the same as does a court of general equity jurisdiction, presumably by virtue of article 21 of the Civil Code, which provides for proceedings conformably to equity in the absence of specific law, but since 1898 the appointment of receivers is authorized and regulated by Act 159 of the General Assembly of that year. This act provides specifically numerous grounds upon which a receiver may be appointed, one of which is when the board of directors shall have declared by resolution that the corporation is unable to meet its obligations as they mature, but it does not provide for the appointment of a receiver at the instance of a creditor on the ground of insolvency unless he has a final and executory judgment. Considering the act, it is at least doubtful that the court had jurisdiction to appoint a receiver on the ground of insolvency in the proceedings then before it, but again considering, for the sake of argument, that it did have jurisdiction, on the face of the record, it is not certain that the receivers were appointed because of insolvency, as the corporation might be solvent though unable to meet its debts as they matured.

[2] Fortunately the matter is not in doubt. On the trial the judge of the state court was sworn as a witness, and testified that the parties in interest appeared before him, and stated that the corporation was solvent, but, owing to the failure of the Teutonia Bank & Trust Company the day before, the corporation was deprived of its banking facilities, and could not meet its obligations as they matured, and that he appointed receivers on that ground, for the purpose of preserving its assets and conducting its business as a going concern, and not because of insolvency.

It is contended by plaintiffs that the judge was incompetent as a witness, that his evidence should be expunged, and the grounds upon which the receivers were appointed determined exclusively from the record in the state court. It is well settled that extrinsic evidence cannot be received to alter or explain a judgment, but it is equally well settled that competent evidence can be received to show upon which of several grounds appearing in the record the verdict was rendered or judgment entered. In re Kennedy Tailoring Co. (D. C.) 175 Fed. 871, and authorities there cited. For that purpose a member of a jury is considered competent. If the jury are competent witnesses, I can conceive of no reason why the judge should be incompetent when the case was not tried to a jury.

In view of these facts, especially the verdict of the jury in this court, the motions for a new trial and to enter judgment will be denied.