DOYLE–KIDD DRY GOODS CO. et al. v. SADLER–LUSK TRADING CO.

(District Court, W. D. Arkansas, Ft. Smith Division.  August 4, 1913.)

1. BANKRUPTCY (§ 63*)—CORPORATIONS—INVOLUNTARY PROCEEDINGS—ACTS OF BANKRUPTCY—RECEIVERS—APPLICATION BY OFFICERS AND DIRECTORS.

Where the officers and directors of a corporation, constituting a majority of the stockholders, and holding a large majority of the stock, filed a petition in the state court for the appointment of a receiver, and, though there was no appearance in writing by the corporation, the secretary and manager appeared before the chancellor at the time the appointment was made, and there was no showing that other stockholders made any objection, or that they intended to oppose the proceeding, it would be construed to be the act of the corporation.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 63.*]

2. BANKRUPTCY (§ 81*)—INVOLUNTARY PETITION—CONSTRUCTION.

An allegation in an involuntary bankruptcy petition against a corporation, that it had made an assignment by filing a petition admitting its insolvency and inability to pay its debts, and asking for the appointment of a receiver, was in effect an allegation that the corporation, being insolvent, applied for a receiver of its property, within the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. § 81.*]

3. EVIDENCE (§ 386*)—PAROL EVIDENCE—RECORD.

Where a petition for the appointment of a receiver of a corporation alleged that it was insolvent, and the court's order appointing a receiver recited that "on consideration of the foregoing petition" the receiver was appointed, and he was required at once to notify all creditors, parol evidence was inadmissible to show that the receiver was not appointed on the ground of the corporation's insolvency, but rather to conserve the assets of its estate, as such evidence tended to contradict, vary, and explain the record, though the order of appointment did not recite the ground on which the receiver was appointed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1678–1697; Dec. Dig. § 386.*]

4. BANKRUPTCY (§ 20*)—INSOLVENT CORPORATION—ADMINISTRATION OF ASSETS.

Creditors of an insolvent corporation, for which a receiver had been appointed at the instance of its officers and directors on the ground of insolvency, are entitled to have the corporation's assets administered in the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*]

5. BANKRUPTCY (§ 91*)—CORPORATIONS—INSOLVENCY.

In involuntary bankruptcy proceedings against a corporation, evidence held to require a finding that the corporation was insolvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 137–139; Dec. Dig. § 91.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. Petition by the Doyle-Kidd Dry Goods Company and others for an involuntary adjudication of bankruptcy against the Sadler-Lusk Trading Company. Petition granted.

S. T. Poe, of Little Rock, Ark., and George W. Dodd, of Ft. Smith, Ark., for creditors.

Hill, Brizzolara & Fitzhugh, of Ft. Smith, Ark., for Sadler-Lusk Trading Co.

YOUMANS, District Judge. Three creditors of the Sadler-Lusk Trading Company, a corporation, have filed a petition against it, alleging certain acts of bankruptcy, and praying that it be adjudged a bankrupt. The acts of bankruptcy charged and relied upon are:

(1) That the corporation made an assignment of its property to Charles X. Williams, as receiver, by filing a petition in the chancery court for the Southern district of Logan county, Ark., admitting its insolvency and inability to pay its debts, and asking for and causing a receiver to be appointed to take charge of its assets, and that the said Charles X. Williams, as such receiver, is now in possession of all of its assets.

(2) That a receiver was appointed by the chancery court for the Southern district of Logan county, Ark., to take charge of the assets of the Sadler-Lusk Trading Company, upon the ground of insolvency, and that, pursuant to the orders of the said chancery court, Charles X. Williams, as such receiver, is in charge of its assets.

These allegations are denied in the answer. A certified copy of the petition in the state court, and the order thereon, were introduced in evidence. R. A. Sadler, H. G. Sadler, and H. G. Hampton, Jr., were the plaintiffs in that case. They alleged that they were stockholders, and that there were two other stockholders of the corporation. The petition in this case alleges that R. A. Sadler, H. G. Sadler, and H. G. Hampton, Jr., were stockholders and officers of the Sadler-Lusk Trading Company. This allegation is not denied. It appears from the testimony that H. G. Sadler was president of the corporation, that R. A. Sadler was secretary and manager, and that those two and H. G. Hampton, Jr., constituted the board of directors.

[1] Was the act of these officers and stockholders in filing the petition in the state court the act of the corporation? The petitioners in the state court were a majority in number of the stockholders, and they held a large majority of the stock of the corporation. There was no appearance in writing by the corporation in the state court. R. A. Sadler appeared before the chancellor at the time the appointment was made. There is nothing to show that the other stockholders ever made any objection to the proceedings, or that they intend to oppose them. The petition in that case was sworn to by R. A. Sadler, and the answer in this case is also sworn to by him. The filing of the petition in the state court must be taken as the act of the corporation. Exploration Mercantile Company v. Pacific Hardware Company, 177 Fed. 825, 101 C. C. A. 39. The petition specifically states that the corporation is insolvent.

[2] The allegation in the petition in this case that the corporation had made an assignment, by filing a petition admitting its insolvency and inability to pay its debts, and asking for the appointment of a receiver, is in effect an allegation that the corporation, "being insolvent, applied for a receiver for its property." The proof sustains that allegation.

[3] The chancellor who appointed the receiver testified that the appointment was not made on the ground of insolvency; that at the time of the application he became convinced, from statements made by R. A. Sadler, that the corporation was solvent. He stated, further, that the appointment was made for the purpose of conserving the assets of the estate. He also testified that the paragraph in the petition alleging insolvency was to have been stricken out, but was not. The attorney for the plaintiff in the case testified to the same effect. This testimony of the chancellor and the attorney was objected to, on the ground that it tended to contradict, vary, and explain a judicial record. The testimony was admitted subject to the subsequent ruling of the court as to its admissibility.

It is contended on behalf of the Sadler-Lusk Trading Company that no ground is assigned in the order appointing the receiver, and that for that reason parol testimony is admissible to show the ground on which the order was made. The case of Schumert v. Security Brewing Company (D. C.) 199 Fed. 358, is cited in support of that contention. That case arose in Louisiana. A suit had been brought in a state court, alleging that the Security Brewing Company was insolvent, that its board of directors had admitted by resolution that the corporation was unable to pay its obligations, and prayed that a receiver be appointed to administer its assets. The order of the court states that, "the court considering the law and the evidence, and for reasons orally assigned, it is ordered" that receivers be appointed for the corporation" to take charge of its assets and administer its affairs as a going concern." In that case it appears clearly from the order that the state court disregarded the pleadings entirely. In the opinion rendered in the federal court it is stated that:

"The judge of the state court was sworn as a witness, and testified that the parties in interest appeared before him and stated that the corporation was solvent, but, owing to the failure of the Teutonia Bank & Trust Company the day before, the corporation was deprived of its banking facilities and could not meet its obligations as they matured, and that he appointed receivers on that ground, for the purpose of preserving its assets and conducting its business as a going concern, and not because of insolvency."

It thus appears that the receivers were appointed upon oral statements directly opposed to the allegations in the petition and admissions in the answer. The statutes of the state of Arkansas provide, at the instance of creditors or stockholders, for the winding up of insolvent corporations and corporations that have ceased to do business. The following sections of Kirby's Digest are referred to:

Section 950 provides that:

"Any creditor or stockholder of any insolvent corporation may institute proceedings in the chancery court for the winding up of the affairs of such corporations, and upon such application the court shall take charge of all the

assets of such corporation and distribute them equally among the creditors after paying the wages and salaries due laborers and employés."

Section 952 provides:

"When any chancery court shall obtain jurisdiction of any such insolvent corporations under the provisions of this act, it shall direct notice to be given to all the creditors of such corporations to present their claims within 90 days thereafter, for the purpose of sharing in the assets of such corporation."

Section 954 provides that:

"Hereafter courts having equitable jurisdiction may make decrees upon the application of the stockholders or creditors of any corporation, to dissolve and wind up such corporation and to pay its debts and distribute its assets among the holders of the shares of stock thereof, in all cases where it shall be made to appear that such corporation is insolvent, and therefore unable to continue its business, and in all cases where it shall be made to appear that the corporation has ceased to transact business."

It is clear that the petition filed in the state court was drawn under the above sections, with the view of invoking the remedies there provided. The petition alleged insolvency, and prayed that the court "appoint a receiver" and "close up and dissolve the corporation." It will be noted that under section 954, above quoted, decrees to wind up and dissolve corporations may be made in two classes of cases: 1. Where it shall be made to appear that the corporation is insolvent and therefore unable to continue its business. 2. In all cases where it shall be made to appear that the corporation has ceased to transact business.

The petition did not allege that the corporation had ceased to do business. The order made did not indicate a disregard of the allegations of the petition. On the contrary, it stated that the appointment was made "upon consideration of the foregoing petition." It also directed that the receiver should "at once notify all creditors as required by law." Notification of creditors is provided for by section 952, above quoted. Taking the petition and order together, no explanation is required. The petition asks for a winding up and dissolution on the ground of insolvency, and the order states that it was made "upon consideration" of the petition. The order does not purport to be made for "reasons orally assigned." The order, considered in connection with the petition, is clear and consistent, and appears to be made pursuant to the statute.

In that state of case, is oral testimony admissible to contradict, vary, or explain the order? I think not. 17 Cyc. 572. In the case of Gates v. Bennett, 33 Ark. 489, the Supreme Court of Arkansas said:

"But it was not competent for appellants to prove by the attorney who brought the replevin suit, or by the justice who rendered the judgment, or by any witness, that the justice in fact rendered any other or different judgment than that shown to have been rendered by the transcript offered in evidence, or that the justice by mistake entered the judgment in the names and in favor of Gates Bros., when it should have been entered in favor of David Gates, as trustee."

"The effect of a judgment is never to be explained by parol," and surely not by declarations of the parties to them in opposition to what is obviously implied by them. Cragin v. Carleton, 21 Me. 492. Parol evidence is not admissible to show that the ground on which the judg-

ment was apparently based did not exist. Sheppard v. Whitfield, 50 Ga. 311.

"No parol testimony can be received to vary, contradict, explain, or interpret a judgment." Townsend v. Fontenot, 42 La. Ann. 890, 8 South. 616.

[4] The testimony of the chancellor and attorney being excluded, the petition and order in the state court show clearly that a receiver was appointed by that court on the ground of insolvency. That being the case, creditors of the Sadler-Lusk Trading Company may insist that the assets of the corporation be administered by the bankrupt court. Exploration Mercantile Company v. Pacific Hardware Company, 177 Fed. 825, 101 C. C. A. 39; In re Electric Supply Company (D. C.) 175 Fed. 612; Beatty v. Mining Company, 150 Fed. 293, 80 C. C. A. 181; Hooks v. Aldridge, 145 Fed. 865, 76 C. C. A. 409; In re Wenatchee Heights Orchard Company (D. C.) 204 Fed. 674.

"The operation of the bankruptcy laws of the United States cannot be defeated by insolvent commercial corporations applying to be wound up under state statutes. The bankruptcy law is paramount, and the jurisdiction of the federal courts in bankruptcy, when properly invoked in the administration of the affairs of insolvent persons and corporations, is therein exclusive." In re Watts & Sachs, 190 U. S. 27, 23 Sup. Ct. 724, 47 L. Ed. 933.

[5] Moreover, I am convinced that the concern was insolvent. Under the direction of the receiver, R. A. Sadler made an inventory of the property of the corporation, which shows the following assets:

Stock of goods ............................................... $12,400 00
Notes and accounts ........................................... 19,400 00
Other personal property ...................................... 300 00
Real estate .................................................. 2,380 00

Total ...................................................$34,480 00

The notes and accounts constitute more than one-half of the assets. The larger part of these represent indebtedness of customers carried over for a period of two or three years. They are the ordinary run of notes and accounts made in the course of a general mercantile business. There was testimony to the effect that they were worth 60 to 70 cents on the dollar. This estimate was made to depend on good crops and good collections. There was also testimony to the effect that ordinarily notes and accounts of a mercantile concern in liquidation are worth from 20 cents to 40 cents on the dollar. To give to these notes and accounts a value of 45 cents on the dollar would be allowing for them much more than is generally realized for that class of property. There is nothing to show why these notes and accounts are more collectible than notes and accounts generally. I think a statement of the fair valuation of the property may be made as follows:

Stock of goods ...............................................$ 6,820 00
Notes and accounts ........................................... 8,730 00
Personal property ............................................ 300 00
Real estate .................................................. 2,380 00

Total ...................................................$18,230 00

This statement allows the invoice valuation for the personal property other than stock of goods and for the real estate. R. A. Sadler admits that the best offer he had obtained for the stock of goods was 55 cents on the dollar. He also admits an indebtedness of $19,000. It thus appears that the property of the corporation at a fair valuation is insufficient in amount to pay its debts.

An order will be entered adjudicating the Sadler-Lusk Trading Company a bankrupt.