## In re BUTTE DULUTH MINING CO.

(District Court, D. Montana. September 29, 1915.)

No. 808.

1. BANKRUPTCY ☞60—ACTS OF BANKRUPTCY—RECEIVERSHIP.

The record of a state court in a receivership suit, showing a petition against a corporation, alleging that defendant was engaged in developing and operating mines owned by it, that the work was in an experimental stage, and the actual or market value of the property unknown, but that the operations were at a loss, and that defendant owed debts, and was without money or credit, and was "wholly insolvent and unable to pay its just debts and obligations as they mature and fall due in the regular course of business," together with a finding that the allegations were true, and the appointment of a receiver, is not sufficient to show that the appointment was made "because of insolvency," within the meaning of Bankr. Act July 1. 1898, c. 541, § 3a (4), 30 Stat. 546, as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 (Comp. St. 1913, § 9587), and to constitute an act of bankruptcy thereunder.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. ☞60.]

2. BANKRUPTCY ☞60—ACTS OF BANKRUPTCY—RECEIVERSHIP.

A receivership is not an act of bankruptcy, under Bankr. Act, § 3a (4), as amended by Act Feb. 5, 1903, § 2, unless the receiver was appointed "because of insolvency," as insolvency is defined in the Bankruptcy Act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. ☞60.]

In Bankruptcy. In the matter of the Butte Duluth Mining Company, alleged bankrupt. Petition dismissed.

McCaffery & Tyler, of Butte, Mont., for petitioning creditors.

J. A. Poore, of Butte, Mont., and E. M. Hall, of Helena, Mont., for alleged bankrupt.

BOURQUIN, District Judge. [1] The petition in these involuntary bankruptcy proceedings leaves much to be desired. But, answer filed and trial had, the petition is taken to sufficiently allege that respondent committed an act of bankruptcy, in that theretofore, because of insolvency, a receiver had been put in charge of respondent's property by a state court.

The allegation of a prior preferential payment as an act of bankruptcy is fatally defective, in that intent is not charged, and fails in proof, in that there is no evidence of intent and insolvency when the payment was made. Whether or not respondent committed the act of bankruptcy alleged—that is, whether or not the receiver was appointed because of insolvency—is left by petitioners dependent upon the record of the receivership proceedings alone.

The complaint therein charged that respondent was engaged in developing and operating copper mines and reduction works owned by it, that the whole was in an experimental stage and the actual mar-

ket or cash value thereof unknown, that the operations were at a loss, that respondent owed debts and was in default, that suits were threatened because thereof, that dissipation and unequal distribution of assets and unfair advantage in payments were imminent, and that respondent was without money or credit, and "is now and for a considerable time last past has been wholly insolvent and unable to pay its just debts and obligations as they mature and fall due in the regular course of business." The prayer was for a receiver to take charge and operate the property of respondent, to sell when feasible, to pay debts, and to dissolve and wind up respondent and distribute any residue to its stockholders. Respondent's answer admitted all the allegations of the complaint and "joins in the prayer" thereof. Thereupon the court made an order reciting that upon the pleadings and testimony heard it found all allegations of the complaint true, and appointing a receiver to take charge of and operate respondent's plant, subject to future orders.

The Bankruptcy Act, by the amendment of 1903, provides that it is an "act of bankruptcy" by any one when "because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States." It is to be noted that not every receivership, even though to finally administer a debtor's assets, or that results in finally administering an insolvent debtor's assets, is an act of bankruptcy, but those only are such acts as the Bankruptcy Act so declares. The act has its own definition of insolvency—the popular one—that:

"A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property * * * shall not, at a fair valuation, be sufficient in amount to pay his debts." Comp. St. 1913, § 9585.

This definition of insolvency in the original act, by familiar rules of construction, applies to the insolvency mentioned in the aforesaid "act of bankruptcy" introduced into the original act by amendment.

Nor do the words of the amendment, "under the laws of a state, of a territory, or of the United States," manifest a different intent or meaning for the term "insolvency." Rather are they words of limitation, so that a foreign receivership may not constitute an act of bankruptcy. The act contemplates that a man may be unable to pay his debts as they fall due, and yet not be insolvent. If he has property that at a fair valuation in amount equals his debts, so that, though not immediately convertible without sacrifice into money, by indulgence he may eventually so convert it and pay his debts, he is not insolvent, and cannot be adjudicated a bankrupt against his will.

"The law has made its definition of insolvency, whatever the effect may be, and has determined by that definition consequences, not only to the debtor, but to his creditors." Pirie v. Chicago, etc., Co., 182 U. S. 451, 21 Sup. Ct. 911, 45 L. Ed. 1171.

[2] And so it is held, and by what seems the better authorities, that a receivership is not an act of bankruptcy, unless created "because of insolvency," as insolvency is defined in the Bankruptcy

Act. See In re Valentine Bohl Co., 224 Fed. 685, —— C. C. A. ——, and cases therein cited. Therein is no inconsistency with the decision in the Exploration Co. Case, 177 Fed. 825, 101 C. C. A. 39, though there may be with detached dicta thereof.

The record of the receivership involved in the instant proceedings neither directly nor by implication makes it to appear that respondent was insolvent within the meaning of the Bankruptcy Act—that is, that the aggregate of its property at a fair valuation was not sufficient in amount to pay its debts—and so fails to show that because of insolvency as so defined a receiver was put in charge of respondent's property, and so fails to prove that respondent committed the act of bankruptcy alleged.

It is true the complaint in the receivership declares that respondent is "wholly insolvent"; but the addition to this conclusion or general statement of the specific and controlling words, "and unable to pay its just debts and obligations as they mature and fall due," and the other matter of said complaint, indicate the intent was to allege insolvency in this state's statutory sense of inability to meet current obligations, and not at all in the sense of the Bankruptcy Act.

If the evidence before the court appointing the receiver was otherwise, if therefrom it appeared and the court found that respondent was insolvent in the sense of the Bankruptcy Act, and because thereof appointed the receiver, it nowhere appears in the record, and petitioners have not undertaken to prove it by extrinsic evidence consistent with the record. The power of the state court to appoint the receiver and whether exercised for a right or wrong reason, is not material here, further than to determine whether or not the appointment was made "because of insolvency," as defined in the Bankruptcy Act; such appointment alone giving jurisdiction to adjudicate bankruptcy because thereof.

It well may be that the Bankruptcy Act should have provided for jurisdiction in bankruptcy of cases like this involved. But Congress omitted to do so, courts cannot supply the omission, and the law must be taken as it is.

The act of bankruptcy alleged not having been proven, respondent cannot be adjudicated a bankrupt, and the proceedings are dismissed.