In re KEYSTONE AUTO GAS & OIL SERVICE CO.

(District Court, W. D. Pennsylvania. April, 1924.)

No. 11406.

Bankruptcy ☾60—Appointment of receivers for corporation held not act of bankruptcy.

Appointment of receivers for a corporation on petition of third parties expressly alleging its solvency. though with consent of the corporation, does not constitute an act of bankruptcy under Bankruptcy Act, § 3a4, being Comp. St. § 9587.

In Bankruptcy. In the Matter of the Keystone Auto Gas & Oil Service Company, alleged bankrupt. On motion to dismiss involuntary petition. Motion granted.

Creditors' petition alleging insolvency, but failing to set forth an act of bankruptcy, dismissed.

E. Lowry Humes, of Pittsburgh, Pa., for receiver.

Stonecipher & Ralston, of Pittsburgh, Pa., for creditors.

THOMSON, District Judge. On April 8, 1924, a creditors' petition was filed against the Keystone Auto Gas & Oil Service Company, alleging insolvency and setting forth as an act or acts of bankruptcy the following:

That within four months preceding the filing of this petition, namely, on the 12th day of December, 1923, the said Keystone Auto Gas & Oil Service Company, while insolvent, committed an act of bankruptcy, in

that it did on said date, while insolvent, apply to the District Court of the United States for the Western District of Pennsylvania, at No. 1011, in equity, of the records of said court, for a receiver for its property, and Receivers William J. Payne and Daniel S. Horn were on said date appointed for the property of said Keystone Auto Gas & Oil Service Company; and that within four months preceding the filing of this petition, namely, on the 12th day of December, 1923, the said Keystone Auto Gas & Oil Service Company, while insolvent, committed an act of bankruptcy, in that because of insolvency receivers, to wit, William J. Payne and Daniel S. Horn, were put in charge of its property by the District Court of the United States for the Western District of Pennsylvania, at the above referred to proceeding in said court, at No. 1011, in equity.

The corporation moves to dismiss the petition on the ground, among others, that no act of bankruptcy as prescribed by the Bankruptcy Act is charged in the petition. Section 3a4 of the Bankruptcy Act (Comp. St. § 9587), specifying acts of bankruptcy, provides:

"Made a general assignment for the benefit of his creditors, or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States."

The language of this section is in no sense obscure. There are three facts or conditions above set forth, which differ from each other and which must be distinctly alleged to exist, in order to constitute an act of bankruptcy: First, "made a general assignment for the benefit of creditors"; second, being insolvent application for a receiver or trustee of his property is made; third, because of insolvency, a receiver or trustee has been put in charge of his property under laws of a state or the United States.

The first two are voluntary acts on the part of the bankrupt. In case application for a receiver is made under the second provision, insolvency could be established by evidence outside the record, if alleged to exist in the petition. In the third provision, it is absolutely essential that the receiver be appointed because of insolvency. Such proceeding is not by the bankrupt, but by third parties, and is thus an adversary proceeding. The record, which was exhibited to the court during the argument by counsel on both sides, shows that the application was

not made by the corporation, but by third parties, and so far from being based on insolvency, it was distinctly averred that the corporation was solvent, "but, by reason of present trade conditions and of its insufficient working capital, is unable to meet its matured and maturing obligations." The answer of the corporation admitted the facts averred to be true, and joined in the prayer of the complainant for the appointment of receivers. The answer is thus an averment of solvency. It can in no sense be said that the receivers were appointed because of insolvency, nor can it be fairly said that the corporation applied for receivers, because of its answer joining in the prayer of the petition. Consent to the appointment on the application of third parties is not an act of bankruptcy, because not made so by the act of Congress (sections 9585–9656), the provisions of which must be strictly construed.

In all cases, insolvency must, of course, exist as one of the conditions of bankruptcy; but averment and proof of this fact avails nothing in the absence of an act of bankruptcy alleged to exist as defined in the act of Congress. No such act is charged in the petition and it is therefore fatally defective. This conclusion is in harmony with the authorities and many adjudicated cases: Collier on Bankruptcy (13th Ed.) vol. 1, p. 166; Remington on Bankruptcy, § 159; Matter of Spalding (C. C. A. 2d Cir.) 14 Am. Bankr. Rep. 129, 139 F. 244, 71 C. C. A. 370; Matter of Butte-Duluth Mining Co. (D. C. Mont.) 36 Am. Bankr. Rep. 101, 227 F. 334; In re Gold Run Mining & Tunnel Co. (D. C. Colo.) 29 Am. Bankr. Rep. 563, 200 F. 162; In re Ellsworth Co. (D. C. N. Y.) 23 Am. Bankr. Rep. 284, 173 F. 699; Doyle-Kidd Co. v. Sadler-Lusk Co. (D. C. Ark.) 30 Am. Bankr. Rep. 604, 206 F. 813.

The other reasons urged in support of the motion to dismiss need not be considered. The motion is therefore sustained and petition dismissed.