

# United States Tax Court
Washington, DC 20217

EDWARD WESTWEALTH LEW,

    Petitioner

    v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent

Docket No. 20747-19.

## ORDER

Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit herewith to petitioner and to respondent a copy of the pages of the transcript of the oral findings of fact and opinion rendered at the conclusion of the trial. It is further

ORDERED that the parties shall, on or before May 10, 2022, file with the Court their computations in this case, pursuant to Rule 155, Tax Court Rules of Practice and Procedure.

**(Signed) Kathleen Kerrigan**
**Judge**

**Served 02/09/22**

Bench Opinion by Judge Kathleen Kerrigan

January 27, 2022

Edward Westwealth Lew v. Commissioner of Internal Revenue

Docket No. 20747-19

THE COURT: The Court has decided to render the following as its oral findings of fact and opinion in this case. This bench opinion is made pursuant to the authority granted by section 7459(b) of the Internal Revenue Code and Tax Court Rule 152; and it shall not be relied upon as precedent in any other case. Rule references in this opinion are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code, as amended and in effect at all relevant times. All monetary amounts are rounded to the nearest dollar.

By notice of deficiency dated August 21, 2019, respondent determined deficiencies of $33,606, $75,807, and $29,324 for 2015, 2016, and 2017 (years in issue), respectively, additions to tax pursuant to section 6651(a)(1) of $5,156, $12,763, and $1,863 for 2015, 2016, and 2017, respectively, pursuant to section 6651(a)(2) for 2016 and 2017, and pursuant to section 6654(a) of $142 for 2017, and a penalty pursuant to section 6662(a) of $6,206 for 2015. Respondent concedes the addition to tax pursuant to section 6651(a)(2) for 2017 and the section



6662(a) penalty for 2015.

Trial in this case was conducted during the Court's remote Kansas City, Missouri trial session on January 25, 2022.  Petitioner represented himself. Respondent was represented by Halvor R. Melom.  The parties' stipulation of facts and first supplemental stipulation of facts were admitted into evidence along with the attached exhibits.  On the evidence before us, and using the burden-of-proof principles explained below, the Court finds the following facts:

FINDINGS OF FACT

Petitioner resided in California at the time he filed his petition in this case.  During the years in issue petitioner was a dentist.  In 2015 and 2016 he was also owner of Dickey's Barbecue Pit restaurant (Dickey's). He sold his interest in Dickey's in 2016.

Petitioner filed an income tax return for 2015 but did not file income tax returns for 2016 and 2017. Petitioner received income that was documented by third-party reports.  ADP Totalsource XVI Inc. (ADP) issued Form W-2, Wage and Tax Statement for 2015.  Chinatown Service Center Inc. (Chinatown) issued Forms W-2 for the years in issue.  The State of California issued a Form 1099-G, Government Payments, reporting a state income tax return for 2014 that was received by petitioner in 2017.  Legacy

Reserves LP issued Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., for 2016.  TD Ameritrade Clearing, Inc. reported qualified dividends on Form 1099-DIV, Dividends and Distributions, for 2016. Petitioner also was issued three Schedules K-1 from three S corporations in which petitioner was the sole shareholder:  Edward W Lew DMD Inc., Edward Westwealth Lew DMD Inc., and Edward Lew DMD A Dental Corporation for the years in issue.

Petitioner did not report most of these amounts on his income tax returns.  For 2015 he only reported wages from ADP.  He failed to report on his income tax returns ordinary income and losses from the three S corporations.  He also did not report any income from the Schedules K-1.

Petitioner operated Dickey's through an LLC, Westward Holdings, LLC (Westward) and he was the only member of the LLC.  The LLC did not file its own tax returns.  Westward had two bank accounts at the same bank. Petitioner failed to report any income or expenses with respect to Dickey's for 2015 and 2016.  A review of Westward's bank receipts showed gross receipts of $917,228 and $575,347 for years 2015 and 2016, respectively.  For 2015 and 2016 respondent allowed costs of goods sold (COGS) and certain expense deductions, including wages



paid in 2015 and 2016.

Petitioner sold his interest in Dickey's in 2016. One of the two bank accounts for Westward has a statement which includes images of two checks for $80,000 and $60,161. The first was marked in the memo line "Dickey's Barbeque Pit proceeds disbursement" and the second was marked in the memo line "Dickey's Barbeque Pit net proceeds balance." Respondent determined those amounts were unreported long-term capital gain.

Petitioner filed an extension for his 2015 income tax resulting in a due date of October 15, 2016. Petitioner filed his 2015 return on January 8, 2018. Petitioner did not file income tax returns for 2016 and 2017.

OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In unreported income cases such as this, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity or demonstrating that the taxpayer actually received unreported income. *See Weimerskirch v. Commissioner*, 596 F.2d 358, 361-362 (9th Cir. 1979), *rev'g*

67 T.C. 672 (1977); *see also Edwards v. Commissioner*, 680 F.2d 1268, 1270-1271 (9th Cir. 1982) (holding that the Commissioner's assertion of a deficiency is presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income). The requisite evidentiary foundation is minimal and need not include direct evidence. *See Banister v. Commissioner*, T.C. Memo. 2008-201, *aff'd*, 418 F. App'x 637 (9th Cir. 2011).

If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer, who must establish by a preponderance of the evidence that the deficiency was arbitrary or erroneous. *See Hardy v. Commissioner*, 181 F.3d 1002, 1004 (9th Cir. 1999), *aff'g* T.C. Memo. 1997-97.

Respondent met the burden of production as to the unreported income determined in the notice of deficiency. Respondent produced the Forms W-2, Form 1099-G, Schedules K-1, and bank documents with respect to wages, unreported income, and unreported capital gains.

Unreported Income

Gross income generally includes all income from whatever source derived, including wages, income derived from business, and gains derived from dealings in property. § 61(a); *Commissioner v. Glenshaw Glass Co.*,

348 U.S. 426, 429-430 (1955); *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir. 1988), *aff'g* T.C. Memo. 1987-225; Treas. Reg. § 1.61-2(a)(1).

The United States Supreme Court has held consistently that Congress defined gross income to exert the "the full measure of its taxing power." *Commissioner v. Glenshaw Glass Co.*, 348 U.S. at 429 (quoting *Helvering v. Clifford*, 309 U.S. 331, 334 (1940)).

State Refund

Generally, if an amount was deducted on a prior year's tax return which resulted in a reduction of tax and a tax benefit to the taxpayer, a subsequent recovery by the taxpayer of such amount must be included in gross income in the year the recovery is received. § 111(a); *Kadunc v. Commissioner*, T.C. Memo. 1997-92.

Therefore, gross income includes a refund of State income tax in the year received to the extent that the payment of such tax was claimed as a deduction in a prior taxable year which deduction resulted in a reduction of Federal income tax. *See Kadunc v. Commissioner*, *supra*. Petitioner provided no evidence to show that he did not receive a refund from the State of California.

S Corporation Income

Section 1366(a) provides that income, losses, deductions, and credits of an S corporation are passed



through pro rata to its shareholders on their individual income tax returns. The character of each item of income is determined as if it were realized directly from the source from which the corporation realized it or incurred in the same manner as it was by the corporation. § 1366(b). A shareholder's gross income includes his or her pro rata share of the S corporation's gross income. § 1366(c).

Petitioner was the sole shareholder of three S corporations during the years in issue. Petitioner failed to substantiate any amount of adjusted stock or debt for these three corporations. He is not entitled to flow-through loss that he claimed on his Schedule E, Supplemental Income and Loss, for 2015. He is also not entitled to losses reported for these S corporations on their Schedules K-1 for the years in issue; however, he is allowed flow-through loss of $16,992 for 2017 for Edward W Lew DMD, Inc. because there was enough stock basis for 2015 and 2016 to permit the deduction. Respondent concedes this adjustment of $16,992 for 2017.

Petitioner failed to report his share of the income reported on the Schedules K-1 for the three S corporations for the years in issue. Therefore, no additional adjustments should be made to respondent's determinations.

Sale of Property

Taxpayers are required to recognize gain on the sale of property in an amount equal to the difference between the amount realized and their basis. §§ 1001 and 1012. A long-term capital gain is the gain from the sale of a capital asset held for longer than a year. § 1222(4). The taxpayer has the burden of showing entitlement to basis in an asset sold. *See Arnold v. Commissioner*, T.C. Memo. 2003-259. Petitioner failed to substantiate any basis, and therefore, he has an unreported long-term capital gain of $140,162 for 2016.

Business Income

Where the taxpayer fails to keep sufficient records under section 6001, the Commissioner may compute taxable income through a method that "does clearly reflect income." § 446(b); *Petzoldt v. Commissioner*, 92 T.C. 661 (1989).

The Commissioner's use of the bank deposits method has long been approved when the taxpayer fails to keep sufficient records under section 6001. *Nicholas v. Commissioner*, 70 T.C. 1057, 1064 (1978); *see also Good v. Commissioner*, T.C. Memo. 2012-323, at *25.

This method "assumes that all money deposited in a taxpayer's bank account during a given period constitutes taxable income, but the Government must take



into account any nontaxable source or deductible expense of which it has knowledge." *Clayton v. Commissioner*, 102 T.C. 632, 645-646 (1994). The bank deposits method provides prima facie evidence of income, and the Commissioner is not required to prove the likely source of the income. *Tokarski v. Commissioner*, 87 T.C. 74, 77 (1986).

The taxpayer shoulders the burden of establishing that items "should be excluded from income or allowed as deductions." *Gemma v. Commissioner*, 46 T.C. 821, 833 (1966); *see also Clayton v. Commissioner*, 102 T.C. at 645.

Petitioner failed to report any income or expenses with respect to Dickey's for 2015 and 2016. Respondent reviewed the bank statements of Westward and totaled the deposits to determine the gross receipts not reported. Petitioner also failed to report Schedule C other income of $1,261 and $1,439 for 2015 and 2016, respectively.

An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, *Deputy v. du Pont*, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, *Commissioner v. Heininger*, 320 U.S. 467, 471 (1943); Treas. Reg. § 1.162-1(a). A taxpayer may

not deduct a personal, living, or family expense unless the Code expressly provides otherwise. § 262(a). Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. *See Cohan v. Commissioner*, 39 F.2d 540, 543-544 (2d Cir. 1930); *Vanicek v. Commissioner*, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the *Cohan* rule. *See, e.g.*, *Estate of Reinke v. Commissioner*, 46 F.3d 760, 764 (8th Cir. 1995), *aff'g* T.C. Memo. 1993-197.

COGS is an offset subtracted from gross receipts in determining gross income, Treas. Reg. § § 1.61-3(a), 1.61-6(a), and is not a deduction, *see Metra Chem Corp. v. Commissioner*, 88 T.C. 654, 661 (1987). Any amount claimed as COGS must be substantiated, and taxpayers are required to maintain records sufficient for this purpose. § 6001; *Nunn v. Commissioner*, T.C. Memo. 2002-250, slip op. at 16; Treas. Reg. § 1.6001-1(a).

Respondent used discretion provided under *Cohan* to allow petitioner a substantial amount of COGS and Schedule C expenses. Petitioner provided no substantiation for the allowance of increase COGS or additional expenses.

Therefore, petitioner is entitled to only the



(973) 406-2250 | operations@escribers.net | www.escribers.net

amount allowed by respondent.

Petitioner contends that he should be allowed deductions for the repayment of loans to himself, to another person, and for payments of car that petitioner contends was used in the business. Respondent did not include loans in income. Petitioner did not provide substantiation of the loans and was not able to show the amount of the payment that was interest. Accordingly, there will be no further deduction beyond the deductions already allowed by respondent.

Additions to Tax

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return. The 2015 tax return was filed after October 15, 2016. No returns were filed for 2016 and 2016. Petitioner did not show reasonable cause and is liable for the additions to tax pursuant to section 6651(a)(1) for the years in issue.

Section 6651(a)(2) imposes an addition to tax on taxpayers for their failure to timely pay the amount of tax shown on a return. This addition to tax applies only when an amount of tax is shown on a return. § 6651(a)(2), (g)(2). When a taxpayer has not filed a valid return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared a substitute for return. *See Wheeler v. Commissioner*, 127 T.C. 200, 210 (2006),



(973) 406-2250 | operations@escribers.net | www.escribers.net

*aff'd*, 521 F.3d 1289 (10th Cir. 2008). Respondent has established that the Secretary prepared a substitute for return for 2016 that satisfies the requirements of section 6020(b) by providing Forms 4549, 886-A, and 13496 for 2016. *See Cabirac v. Commissioner*, 120 T.C. 163, 170-172 (2003), *aff'd without published opinion*, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004).

Respondent has shown that petitioner has failed to pay his Federal income tax obligation for 2016. Petitioner has not shown reasonable cause and is liable for the addition to tax pursuant to section 6651(a)(2).

Section 6654(a) imposes an addition to tax on underpayment of estimated tax unless an exemption applies. Respondent's burden of production under section 7491(c) with respect to the section 6654(a) tax has been satisfied since petitioner had income tax liability for 2016 and made no estimated tax payments for that year.

Generally, no reasonable cause exception exists for the section 6654(a) addition to tax. Treas. Reg. § 1.6654-1(a)(1). There are exceptions to the section 6654(a) addition to tax, but petitioner does not meet the requirements of these exceptions. *See* § 6654(e).

Accordingly, petitioner is liable for the addition to tax pursuant to section 6654(a).

This concludes the Court's oral Findings of Fact

and Opinion in this case.  A decision will be entered under Rule 155.

(Whereupon, at 12:23 p.m., the above-entitled matter was concluded.)

CERTIFICATE OF TRANSCRIBER AND PROOFREADER

CASE NAME:   Edward Westwealth Lew v. Commissioner

DOCKET NO.:   20747-19

We, the undersigned, do hereby certify that the foregoing pages, numbers 1 through 16 inclusive, are the true, accurate and complete transcript prepared from the verbal recording made by electronic recording by Bruce Carlson on  ,  before the United States Tax Court at its session in Kansas City, MO, in accordance with the applicable provisions of the current verbatim reporting contract of the Court and have verified the accuracy of the transcript by comparing the typewritten transcript against the verbal recording.

_____

Lori Rahtes, CDLT-108                    2/5/22

Transcriber                              Date

_____

Jennifer Lindeman                        2/5/22

Proofreader                              Date



(973) 406-2250 | operations@escribers.net | www.escribers.net