BRUNER WOOLEN CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7892.  Promulgated April 16, 1927.

A net loss sustained during the taxable year 1921 may be deducted from the income of a portion of the taxable year 1922, due to dissolution, under section 204, Revenue Act of 1921.

*John A. Selby, Esq.,* for the petitioner.
*J. L. Deveney, Esq.,* for the respondent.

This proceeding results from the determination of a deficiency in tax for the year 1922, in the amount of $2,368.85. In the original petition and answer filed in this case, but one issue was presented and that related to the right of the petitioner to the benefits of section 204 of the Revenue Act of 1921, in computing net income for the taxable year 1922. In the amended answer filed by respondent it is averred that the deficiency should be increased for the year 1922 by the addition of the 25 per cent delinquency penalty, as prescribed by section 3176 of the Revised Statutes, as amended.

### FINDINGS OF FACT.

Petitioner was incorporated under the laws of the State of New York, had its principal place of business at 395 Fourth Avenue, New York City, and on June 29, 1922, was dissolved under the laws of the State of New York. Petitioner for the year 1921 suffered a net loss, as that term is used and defined in section 204 of the Revenue Act of 1921, in the sum of $18,653.26, and in filing its tax return for

the year 1922, sought to deduct said net loss in determining its net income.

Petitioner filed, on October 10, 1923, with the collecter of internal revenue, its return for the year 1922, reflecting its income for the period beginning January 1, 1922, and ended June 29, 1922, the date of dissolution of the petitioner.

OPINION.

MILLIKEN: The respondent erred in his failure to allow petitioner the net loss sustained in 1921, in computing the net income for the year 1922. *Appeal of Carroll Chain Co.*, 1 B. T. A. 38; *Appeal of Patapsco Ballast Co.*, 1 B. T. A. 1081.

The issue relating to the imposition of the 1925 delinquency penalty was raised by the amended answer filed by the respondent, and the burden of proof was on him to support the same. The only facts before us show that the return was filed with the collector of internal revenue on October 10, 1923. The due date for filing the return was March 15, 1923, yet for all we know, there may have been an extension of time granted within which the return was to be filed, and even if no extension was granted the petitioner, the delinquency in filing the return may have been due to reasonable cause. The respondent has not borne the burden of proof and we find no justification for the imposition of the 25 per cent delinquency penalty.

*Judgment will be entered on 10 days' notice, under Rule 50.*