ROBERT L. and ILONA B. ELLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellis v. Commissioner
Docket No. 43955-86.
United States Tax Court
T.C. Memo 1988-161; 1988 Tax Ct. Memo LEXIS 185; 55 T.C.M. (CCH) 619; T.C.M. (RIA) 88161; April 19, 1988. Robert L. and Ilona B. Ellis, pro se. Donald L. Wells, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) of the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE *187 COUVILLION, Special Trial Judge: Respondent determined the following deficiencies and additions to petitioners' Federal income taxes: Additions to Tax
Section
Section
Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661(a)
1981
$ 8,968.00
$ 448.00
*
--
1982
$ 8,204.00
$ 410.00 **
$ 820.00
In answer, the respondent asserted an addition to tax for 1981 under section 6651(a) in the amount of $ 2,242 and an increase in the 1982 addition to tax under section 6661(a) from 10 percent to 25 percent of the determined deficiency for that year. [2]
After concessions, the remaining issues are: (1) Robert L. Ellis' (petitioner) entitlement to deductions for Schedule C wage expenses for 1981 and 1982; and (2) the additions to *188 tax under sections 6651(a) and 6661(a). [3]
FINDINGS OF FACT AND OPINION Some of the facts have been stipulated and are so found. The stipulation of facts and annexed exhibits are incorporated herein by this reference. Petitioners, husband and wife, resided at Sikeston, Missouri, at the time they filed their petition. They filed joint Federal income tax returns for 1981 and 1982. For convenience, the remaining findings of fact and opinion are combined. During 1981 and 1982, petitioner worked as an over-the-road truck driver through Mallory Transfer & Storage Co. (Mallory) for Atlas *189 Van Lines, Inc. (Atlas). Petitioner worked as an independent contractor, in which he was leased out to Atlas by Mallory to load, unload, and haul furniture and other goods by truck throughout the United States. During the years at issue, Mallory maintained a draw account for petitioner. Mallory debited all amounts earned by petitioner which were due from Mallory and credited amounts paid as advances, and amounts paid on behalf of petitioner for various business and personal expenses. On Schedule C of their 1981 and 1982 tax returns, petitioners claimed deductions for wages paid in the amounts of $ 18,300 and $ 21,000, respectively. Respondent disallowed these expenses for lack of substantiation. Section 162(a) allows a deduction for the ordinary and necessary expenses incurred in carrying on a trade or business. Petitioners have the burden of establishing their entitlement to deductions claimed under this provision. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). After carefully considering the record, including copies of Mallory's 1981 and 1982 account workpapers pertaining to petitioner's expenses, we find petitioners failed to meet their burden *190 of proof. Petitioner's contention is that the wages in question represented payments made to Kenneth McDaniels (McDaniels), his relief driver, and to two itinerant workers, Charles Auber (Auber) and "Indian" Al Smith (Smith), whom he had hired for loading and unloading furniture. Most of the payments were purportedly made in cash. Petitioner presented no logbooks, receipts, or any other credible evidence to indicate the amount of money he paid these individuals, the number of hours or days these individuals worked for him during the years at issue, or that he paid them anything. On their 1981 and 1982 returns, petitioners attached copies of Forms 1099 they issued to McDaniels, Auber, and Smith for the wages purportedly paid. Respondent, however, cast doubt on the credibility of these documents by offering the testimony of Bill Fick, an Adviser Reviewer for the Collection Branch of the Internal Revenue. Mr. Fick testified that the transcripts of account for the three Social Security numbers reflected on the Forms 1099 indicated that the Social Security numbers of these individuals were either invalid or had previously been issued to other individuals. Mr. Fick also testified *191 that respondent had no record of a taxpayer using any of the Social Security numbers reflected on the Forms 1099. Petitioner introduced into evidence notarized statements from McDaniels, Auber, and Smith acknowledging that petitioner paid them the amounts in question during 1981 and 1982. [4] With respect to the notarized statement purportedly signed by McDaniels, petitioner acknowledged that the notary, Ira M. Meredith, was not present to witness the signing of the statement by McDaniels. The three affiants did not appear in Court to testify with respect to the wages they purportedly were paid. *192 Petitioner testified that, throughout 1981 and 1982, he received advances from Mallory of $ 190 per week for living expenses. Petitioner further testified that, of the amounts at issue, he paid McDaniels $ 14,300 and $ 15,000 in 1981 and 1982, respectively, as compensation for driving his moving truck. Given the relatively small sum petitioner was given for living expenses by Mallory, we find it incredible that petitioner paid these amounts to McDaniels. On balance, therefore, the Court finds that petitioner failed to substantiate that he incurred these claimed expenses. We also find the record so incomplete that no reasonable estimation of wage expenses can be made under the rationale of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). The decision in Cohan permits a deduction, based on estimates, when the Court is convinced from the record that deductible expenses have, in fact, been incurred. However, as stated in Williams v. United States,245 F.2d 559, 560 (5th Cir. 1957), Cohan requires that: there be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was, in fact, spent or incurred *193 for the stated purpose. Until the trier has that assurance from the record, relief to the taxpayer would be unguided largesse.
Accord Vanicek v. Commissioner,85 T.C. 731 (1985). [5] Since there is insufficient evidence in the record to permit an estimation, it follows, therefore, that respondent's determination is sustained. The addition to tax under section 6651(a) applies when a taxpayer fails to file a timely return, unless the failure to timely file is due to reasonable cause and not to willful neglect. In an answer, respondent affirmatively alleged the addition to tax under section 6651(a) for 1981. Inasmuch as such an allegation constituted new matter raised for the first time by respondent in an answer, the burden of proof was upon respondent. Rule 142(a); Bruner Woolen Co. v. Commissioner,6 B.T.A. 881 (1927). We are satisfied, from the record, that respondent met this burden. Petitioners' Federal income tax return for 1981 *194 was mailed on April 25, 1983, and was received by respondent on April 27, 1983. The last date prescribed by law for filing petitioners' 1981 return was April 15, 1982. Section 6072(a). On cross examination, petitioner admitted he had no explanation why the return was filed over one year after the date it was required to be filed. Petitioner claimed he signed the return on April 15, 1982, and left it with his tax return preparer to "take care of it." However, a review of the copy of the return admitted into evidence shows that the year 1982 on the signature line of the return was clearly altered from what appears to have been 1983. The Court concludes that the return was signed in 1983, rather than 1982, and the return was filed in 1983. Accordingly, respondent is sustained on this issue. Section 6661(a) provides that, in the event of a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of any underpayment attributable to such understatement. Section 6661(b) provides "that a substantial understatement" exists if the amount of the understatement of income tax for the year exceeds the greater of (1) 10 *195 percent of the tax required to be shown on the return, or (2) $ 5,000. It is clear from the facts of this case that a substantial understatement of income tax exists for the year 1982, because the understatement of tax (or deficiency here) exceeds the requirement of section 6661(b). Petitioners have not shown their entitlement to any reduction of the understatement under section 6661(b)(2)(B) or (C). We, therefore, sustain the addition to tax determined by respondent under section 6661(a). Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 percent of the interest due on $ 8,968.00. ** 50 percent of the interest due on $ 8,204.00. ↩
2. The Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, section 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment for additions to tax assessed after October 21, 1986. Pallottini v. Commissioner,↩ 90 T.C.    (March 31, 1988). 3. The additions to tax under section 6653(a)(1) and (2) are considered to have been settled by the parties based upon respondent's assertion at trial that all adjustments in the notice of deficiency has been settled except for the Schedule C wage expenses and for further adjustments respondent would raise by answer to conform to the evidence. The stipulation of facts filed by the parties does not indicate how the parties disposed of the section 6653(a)(1) and (2) additions to tax; however, it is presumed by the Court that the disposition will be reflected in the Rule 155 computation. ↩
4. The notarized statements were admitted into evidence for the reason that the case was tried as a small tax case under section 7463(a). After trial, the Court requested the parties to submit a computation of the amounts in dispute to ascertain whether the case could properly be considered as a small tax case. As a result of the computations submitted by respondent, the Court determined that the amounts in dispute exceeded $ 10,000 and discontinued this proceeding as a small tax case pursuant to section 7463(d). The Court expresses no opinion whether the notarized statements would otherwise have been admissible into evidence. ↩
5. Kennedy v. Commissioner,T.C. Memo. 1988-591; Afshar v. Commissioner,T.C. Memo. 1981-241, affd. without published opinion 692 F.2d 751↩ (4th Cir. 1982).