HENRY TAYLOR, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 488-86.
United States Tax Court
T.C. Memo 1989-201; 1989 Tax Ct. Memo LEXIS 201; 57 T.C.M. (CCH) 276; T.C.M. (RIA) 89201; April 27, 1989. *201 At the time set for trial there was no appearance by or on behalf of P. R moved to dismiss for lack of prosecution as to the deficiency and additions to tax for which P had the burden of proof. R also moved for a default decision with respect to the addition to tax for fraud. R's Answer contained conclusory allegations of fraud; it did not contain specific factual allegations sufficient to establish fraud. Held:
(1) R's motion to dismiss as to issues on which P has the burden of proof is granted. (2) P's failure to appear at trial constituted a default and all well-pleaded facts in R's Answer are deemed admitted. (3) Conclusory allegations in R's Answer that P committed fraud and is liable for the addition to tax are not sufficient, standing alone, to establish fraud. (4) The specific factual allegations contained in the Answer, which are deemed admitted, are insufficient to meet R's burden of proving fraud or to meet R's burden of proving his alternative claim, first raised in the Answer, that P is liable for additions to tax pursuant to secs. 6651(a)(1) and 6653(a)(1) and (2), I.R.C. 1954. Richard F. Stein, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: This case is before the Court on respondent's written motion to dismiss for lack of prosecution and on respondent's oral motion to hold petitioner in default regarding the additions to tax for fraud under section 6653(b). [1]
Respondent determined a deficiency in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6654
Sec. 6661
1984
$  8,256.00
$  4,128.00
50 percent of
$  518.98
$  825.60
interest due on
$ 8,256.00
Petitioner was incarcerated *204 at Chesterfield, Virginia at the time he filed his petition. For sake of convenience, we are combining our findings of fact and opinion. Pursuant to notice to the parties, this case was first set for trial during the Court's September 16, 1986 trial session in Richmond, Virginia. On that date, petitioner failed to appear and counsel for respondent filed a motion for continuance which we granted. Pursuant to notice to the parties, the instant case was rescheduled for trial during the Court's February 22, 1988 trial session in Richmond, Virginia. Once again, petitioner failed to appear and the Court continued the case. The case was again set for trial during the Court's January 23, 1989 trial session in Richmond, Virginia. Petitioner made no appearance and respondent filed a motion to dismiss for lack of prosecution and orally moved the Court to enter a default judgment against petitioner regarding the addition to tax for fraud. We took these motions under advisement. Petitioner was given notice of the January 23, 1989 trial date in August 1988. At no time thereafter did he communicate with the Court. Aside from a phone call made to the Internal Revenue Service's Appeals *205 Office in Richmond, Virginia, petitioner has failed to communicate with respondent in any manner. Respondent has served trial memorandums on petitioner, written to him, and served motions on him. These were served by mail and respondent never received any notice that the documents were undeliverable. Dismissal of a case is a sanction resting in the discretion of the trial court. Levy v. Commissioner,87 T.C. 794, 803 (1986). It is well settled that a taxpayer's failure to appear at trial can result in a dismissal of the action against a taxpayer for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. Basic Bible Church v. Commissioner,86 T.C. 110, 112 (1986); Brooks v. Commissioner,82 T.C. 413 (1984), affd. without opinion 772 F.2d 910 (9th Cir. 1985). Respondent's motion to dismiss for lack of prosecution as to the deficiency and the additions to tax under sections 6654 and 6661 will be granted. In regard to the addition to tax for fraud, respondent has orally moved the Court to hold petitioner in default. It is clear to us that petitioner has failed to proceed *206 with his case within the meaning of Rule 123(a). Petitioner has in effect abandoned his case and we find him in default. Under such circumstances a default decision for fraud is appropriate if the pleadings set forth sufficient facts to support such a judgment. Smith v. Commissioner,91 T.C. 1049 (1988). "Entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by respondent's well-pleaded facts." Bosurgi v. Commissioner,87 T.C. 1403, 1409 (1986). In Smith v. Commissioner, supra at 1058, we held that "the Commissioner's pleadings must allege specific facts sufficient to sustain a finding of fraud before he will be entitled to a decision that includes an addition to tax for fraud upon the failure of a taxpayer to appear for trial." In his Answer, respondent denied all substantive allegations of fact and error and affirmatively alleged: 6. FURTHER ANSWERING THE PETITION, and in support of the determination that the underpayment of tax required to be shown on petitioner's income tax return for the taxable year 1984 is due to fraud, the respondent *207 alleges: a. During the taxable year 1984, petitioner was engaged in the business of selling illegal drugs. b. The petitioner failed to maintain adequate books and records of his income from the sale of illegal drugs. c. The petitioner established a business known as New World Investments, Inc., a Delaware corporation, with its principal place of business at 1 West Cary Street, Richmond, Virginia 23220. d. New World Investments, Inc., was established by the petitioner as a business front for his illegal drug trafficking activities. e. The petitioner dealt in large amounts of cash. f. The petitioner received taxable income for the taxable year 1980 in the amount of $ 26,817.00 from the sale of illegal drugs. g. The income tax due and payable by the petitioner for the taxable year 1980 is in the amount of $ 8,256.00. h. The petitioner failed to file an income tax return for the taxable year 1984 and failed to pay any portion of income tax liability due from him for said year. i. Petitioner fraudulently, and with intent to evade tax for the taxable year 1984, handled his assets and income-producing activities in a manner, the likely effect of which was *208 to mislead or conceal. j. The petitioner's failure to file an income tax return and to report his correct taxable income for 1984 was due to fraud with the intent to evade tax. k. The petitioner's failure to pay his income tax liability for 1984 was due to fraud with intent to evade tax. l. A part of the underpayment of tax which petitioner was required to show on an income tax return for 1984 is due to fraud. 7. FURTHER ANSWERING the petition, in the alternative, and in support of respondent's claim for increased deficiencies in additions to the tax for the taxable year 1984 under the provisions of I.R.C. §§ 6651(a) and 6653(a), the respondent alleges: a. In the statutory notice of deficiencies [sic] dated December 18, 1985, upon which notice the above-entitled case is based, the respondent determined that all or part of the underpayment of tax required to be shown by petitioner on the return due for the taxable year 1984 was due to fraud and that consequently petitioner was liable for the 50 percent addition to the tax provided by I.R.C. § 6653(b). b. If the Court sustains the contention of petitioner that he *209 is not liable for the addition to the tax provided by section 6653(b) of the Internal Revenue Code of 1954 for the taxable year 1984, then petitioner is liable for the additions to the tax provided by I.R.C. §§ 6651(a) and 6653(a), resulting in increased deficiencies in said additions as provided by law. c. The petitioner failed to file an income tax return for the taxable year 1984 and failed to pay any portion of the income tax liability due from him for said year. d. The petitioner's failure to file an individual income tax return for the taxable year 1984 on the date prescribed therefor was without reasonable cause and due to willful neglect. e. The petitioner's failure to pay his income tax liability for the taxable year 1984 was due to negligence or intentional disregard of the applicable provisions of the Internal Revenue Code of 1954 and regulations promulgated thereunder. f. All or a part of the underpayment of tax which petitioner was required to show on an income tax return for the taxable year 1984 is due to negligence or intentional disregard of the applicable provisions of the Internal Revenue Code of 1954 and *210 regulations promulgated thereunder. [Emphasis added.] To sustain his determination as to the fraud addition to tax for any given year, respondent must prove, by clear and convincing evidence, that some part of the underpayment for that year is due to fraud. Habersham-Bey v. Commissioner,78 T.C. 304, 311 (1982); sec. 7454(a); Rule 142(b). The elements to be proven to establish fraud are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983). Petitioner's failure to meet his burden of proving error in the determination of the deficiency is not evidence of fraud. Estate of Beck v. Commissioner,56 T.C. 297, 363 (1971); Otsuki v. Commissioner,53 T.C. 96, 106 (1969). For example, where fraud must be proven to lift the bar of the statute of limitations, we do not even address the correctness of the deficiency determination unless and until fraud has been proven. Mosteller v. Commissioner,T.C. Memo. 1986-505, affd. without opinion 841 F.2d 1123 (4th Cir. 1988). After reviewing the pleadings, we conclude *211 that respondent has failed to set forth sufficient facts in his Answer to support his allegation of fraud. In paragraph 6(e) of respondent's Answer, respondent affirmatively alleges that petitioner received taxable income for the taxable year 1980 from the sale of illegal drugs. In paragraph 6(f), respondent alleges that petitioner owes income tax for the taxable year 1980 in the amount of $ 8,256. The only tax year before this Court is 1984. There are no other specific facts alleged in the Answer that if proven would demonstrate that petitioner understated his 1984 income tax liability. It is true that subparagraphs j, k, and l of paragraph 6 contain conclusory allegations of fraud and that petitioner's failure to file a return was due to fraud. However, there are no specific facts alleged that would prove petitioner had income in 1984 which would give rise to a tax liability or an obligation to file a return. The standard for determining whether a default decision for fraud is appropriate was set forth in Smith v. Commissioner, supra as follows: Entry of a default decision for the fraud addition in the instant case therefore is appropriate upon a determination *212 in our "sound judicial discretion" that the pleadings set forth sufficient facts to support such a judgment. Cf. Bosurgi v. Commissioner,87 T.C. at 1408. We thus must decide whether respondent's specific allegations of fact in the instant case, if taken to be true by petitioner's default, are sufficient to establish the existence of fraud. * * * [Smith v. Commissioner, supra at 1058-1059.] We find, in the exercise of our discretion, that respondent has failed to allege specific facts that establish fraud. This finding is not inconsistent with our prior opinion in Doncaster v. Commissioner,77 T.C. 334 (1981). In that case, we attached importance to the conclusory allegations of fraud in the Answer that were deemed admitted. However, in doing so we added the following cautionary language: So that there will be no misunderstanding, we emphasize that the deemed admissions of the allegations of paragraphs 7(a) through 7(g) [containing specific factual allegations] are also of importance in respect of respondent's ability to establish his fraud case; he has the burden of proving the facts necessary to show an underpayment *213 (to which the addition to tax for fraud attaches) and may not rely upon petitioner's failure to produce evidence in order to carry his (respondent's) burden in that respect. Estate of Beck v. Commissioner,56 T.C. 297, 363 (1971). [Doncaster v. Commissioner, supra at 337-338.] Unlike the Answer in the instant case, paragraphs 7(a) through 7(g) of the answer in Doncaster set forth specific facts regarding amounts of unreported income, erroneous deductions, and an understatement of tax for the year involved. Doncaster v. Commissioner, supra at 335. Respondent's Answer made an alternative claim for additions to tax under sections 6651(a) and 6653(a) in the event we found against him on the fraud issue. Because these alternative additions were raised by affirmative allegations in respondent's Answer, respondent bears the burden of proof. Rule 142(a). Neither respondent's oral motion nor his written motion specifically requests a default decision as to these alternative additions. However, since we have found petitioner in default and have the authority under Rule 123(a) to enter a default decision absent a motion by a party, *214 we will address those issues. An addition to tax for failure to file an income tax return when due is imposed under section 6651(a)(1). For respondent to carry his burden of proof as to a taxable year, he must not only show that no timely tax return was filed, but also that the failure to file a tax return for that year was due to "willful neglect" and not to "reasonable cause," within the meaning of section 6651(a)(1). Bruner Woolen Co. v. Commissioner,6 B.T.A. 881, 882 (1927); McCanless v. Commissioner,T.C. Memo. 1987-573; Pickett v. Commissioner,T.C. Memo. 1975-33. An individual was required to file a return for 1984 only if his gross income equalled or exceeded $ 3,330. Sec. 6012(a)(1)(A)(i). The record in this case, including the allegations in the Answer, does not provide us with facts from which we could make a finding that petitioner had gross income in an amount sufficient to require him to file a return. As previously discussed, this omission is not supplied by the Court's granting of respondent's motion to dismiss as to the deficiency and additions to tax as to which petitioner has the burden of proof. Our decision *215 as to the deficiency merely left intact the determinations in respondent's notice of deficiency. These determinations are not themselves evidence and do not satisfy respondent's burden of proof. Larsen v. Commissioner,T.C. Memo. 1984-398. For the same reasons, respondent has failed to prove that petitioner is liable for the section 6653(a)(1) and (2) additions to tax for 1984. Respondent has made conclusory allegations that petitioner's failure to file was without reasonable cause and that he was negligent. As with the conclusory fraud allegations, we do not think these satisfy respondent's burden of proof. As a final matter we observe that paragraphs 6(f) and (g), in support of respondent's allegation of fraud, contain specific factual allegations of amounts of illegal income received by petitioner and the tax due thereon but allege that this income and tax pertained to 1980 instead of the year at issue, 1984. The reason for this is unexplained. The Answer was signed by respondent's counsel. Rule 33(b) provides that "The signature of counsel or a party constitutes a certificate by him that he has read the pleading, that, to the best of his knowledge, information, *216 and belief formed after reasonable inquiry, it is well grounded in fact * * *." Allegations of fraud are a particularly serious matter. See Smith v. Commissioner, supra at 1053. The case had been set for trial on two prior occasions. If there were mistakes in the factual allegations of the Answer there were ample opportunities to correct them. Respondent's motion for default decision for fraud was made with full knowledge that he was relying upon the specific factual allegations in his Answer. Respondent must live with the results. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the years in issue, all Rule references are to the Tax Court Rules of Practice and Procedure.↩