WILLIAM F. COLLINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket No. 14159-93
United States Tax Court
T.C. Memo 1994-409; 1994 Tax Ct. Memo LEXIS 418; 68 T.C.M. (CCH) 484; August 22, 1994, Filed *418 Decision will be entered under Rule 155. In 1989, the year in issue, P maintained two bank accounts in which he deposited moneys for services that he performed for various customers. The bank accounts were in the names of two phantom corporations. P did not report amounts received from these customers on his 1989 Form 1040, U.S. Individual Income Tax Return. Held: P is required to include in income amounts received on account of services performed by him during 1989. Held, further, P is liable for an addition to tax for fraud under sec. 6663(a). William F. Collins, pro se. For respondent: Meryl Silver. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: This case is before the Court pursuant to a petition filed by William F. Collins for a redetermination of respondent's determination set forth in her notice of deficiency issued to petitioner on April 6, 1993. For the 1989 taxable year, respondent determined a $ 21,987 deficiency in petitioner's Federal income tax and a $ 4,397 addition thereto under section 6662. [1] In an amendment to her answer, respondent increased this deficiency to $ 29,825, [2] increased the additions under section 6662 to $ 5,965, *419 and alleged that petitioner was liable for a $ 6,819 addition to tax under section 6651(a)(1) for failure to file timely. In a second amendment to her answer, respondent alleged that petitioner had additional unreported income, and that petitioner was liable for the addition to tax for fraud under section 6663(a). [3]
The issues for decision are: 1. Whether *420 petitioner had unreported income during 1989. We hold that he did. 2. Whether petitioner is entitled to a dependency exemption for his mother. We hold that he is not. 3. Whether petitioner is required to use the filing status married filing separate return. We hold that he is. 4. Whether petitioner is entitled to an alimony deduction for amounts allegedly paid to his spouse. We hold that he is not. 5. Whether petitioner is required to include amounts for interest and dividends paid to him. We hold that he is. 6. Whether petitioner is liable for self-employment tax on certain amounts of his unreported income. We hold that he is. 7. Whether petitioner is liable for an addition to tax for failure to file timely under section 6651. We hold that he is not. 8. Whether petitioner is liable for the addition to tax for fraud under section 6663(a) or, alternatively, an addition to tax for negligence under section 6662(b)(1) and (c). We hold that petitioner is liable for the addition to tax for fraud. [4]
*421 FINDINGS OF FACT Certain exhibits were admitted into evidence through stipulation of the parties. These exhibits are incorporated herein by this reference. The record also includes testimony, other exhibits that were admitted at trial, and certain facts that were deemed admitted under Rule 90. [5] Petitioner resided in Ridgefield Park, New Jersey, when the petition in this case was filed. With respect to the year in issue, petitioner filed a 1989 Form 1040, U.S. Individual Income Tax Return, listing no taxable income. On this form, petitioner reported wages of $ 13,322.27 from Perini Corp. and $ 5,000 from Slattery Associates, Inc. Petitioner reported no other wages or earnings from self-employment. *422 Respondent's notice of deficiency reflects her initial determination that petitioner received $ 55,419 in unreported nonemployee compensation from NAB Construction Corp. (NAB). [6] Respondent later determined that petitioner failed to include an additional $ 23,751 for services that he performed for NAB. The two checks underlying the additional $ 23,751, equaled $ 15,834 and $ 7,917, respectively, and were payable to William F. Collins Co., Inc. [7] Respondent filed an amendment to her answer to allege that petitioner received the additional $ 23,751. *423 Upon further investigation, respondent discovered that petitioner had deposited large sums of money into two bank accounts controlled by him. Petitioner maintained one of these accounts at The Chase Manhattan Bank, N.A. (Chase account), and he entered into agreements with various customers to perform services under the name William F. Collins Construction Co., Inc.[8] Petitioner deposited the following amounts into the Chase account in 1989: Payor
Deposit Amount
NAB Construction Corp.
$ 80,020
Conesco Industries, Ltd.
2,500
Berlin Wrecking, Ltd.
12,000
DH Farney Contractors
14,500
Joseph & Carole Martello
100
Irene L. Collins & Mary Walsh
250
Judd Associates, Ltd.
300
Wang Properties, Ltd.
825
Petitioner maintained the other account at Chemical Bank (Chemical account), and he entered into agreements with various customers to perform services under the name Collins Engineering, Inc.[9] Petitioner deposited the following amounts into the Chemical account in 1989: Payor
Deposit Amount
NAB Construction Corp.
$    867.50
Conesco Industries, Ltd.
20,103.00
Gennaro Construction Consulting
2,600.00
DH Farney Contractors
35,739.62
Gayle Construction Co., Inc.
5,500.00
Peter McCaffrey's Oakwood Travel, Inc.
323.00
Eastern Focus, Inc.
15,000.00
Perini Corp.
4,418.19
Slattery Associates, Inc.
[10] 2,978.80
William F. Collins Co., Inc.
6,800.00
William F. Collins
2,000.00
*424 Petitioner performed services for NAB, Berlin Wrecking, Ltd. (Berlin), Conesco Industries, Ltd. (Conesco), and Gennaro Construction Consulting (Gennaro). He deposited the amounts received from these customers into the Chase account and the Chemical account. With regard to the other amounts deposited into the two bank accounts, the nature of these deposits is unclear. [11]
*425 Petitioner claimed Irene L. Collins, his mother, as a dependency exemption for the 1989 taxable year. Petitioner's mother did not live with him during 1989, and petitioner did not give her any money for support. Respondent's notice of deficiency reflected her disallowance of this exemption. Petitioner filed his 1989 Federal income tax return using the filing status head of household. After disallowing petitioner's dependency exemption for his mother, respondent changed petitioner's filing status to single. Respondent now alleges that petitioner's proper filing status was married filing separate return. [12]
Petitioner deducted $ 12,000 for alimony paid during 1989. Petitioner was married to Mary Ellen Collins during all of 1989, [13] and the record is devoid of any separation agreement between the two. Respondent's notice of deficiency reflects her disallowance of the alimony deduction claimed by petitioner. *426 For the year in issue, petitioner received dividends from USX Corp. (U.S. Steel Corp.) and Merrill Lynch Pierce Fenner & Smith of $ 210 and $ 156, respectively, and received interest from Williamsburg Savings Bank of $ 21. Petitioner failed to include any of these amounts in income during 1989. Respondent reflected her determination that these amounts represent unreported income in her notice of deficiency. The Commissioner granted petitioner an extension of time until August 15, 1990, to file his 1989 Federal income tax return. Petitioner mailed his 1989 return to the Internal Revenue Service on November 15, 1990, and the return was received on November 19, 1990. OPINION The burden of proof is on petitioner to show that respondent's determinations set forth in her notice of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Respondent bears the burden of proving the increases in the deficiency asserted in the amendments to her answer. Rule 142(a); Estate of Bowers v. Commissioner, 94 T.C. 582, 595 (1990). We turn to the issues for decision. Section 61(a) defines gross income *427 as "all income from whatever source derived, including (but not limited to) compensation * * * for services, including fees, commissions, fringe benefits, and similar items". Sec. 61(a)(1). Petitioner offered no proof to contest respondent's determination that he received $ 55,419 in unreported income during the 1989 taxable year. Therefore, we sustain respondent's determination with respect to this amount. [14]
With respect to amounts of unreported income that respondent determined *428 in amendments to her answer, respondent has met her burden with respect to some (but not all) of the deposits made in the Chase account and the Chemical account. Respondent used the bank deposits method to reconstruct petitioner's income. When a taxpayer's records are incomplete, respondent may look to the bank deposits method as evidence of income. Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978); Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977). Normally, once a bank deposits analysis is performed, petitioner bears the burden of proving that the deposits do not represent unreported income. However, in the instant case, since the bank deposits analysis causes an increase in deficiency respondent must show that these deposits represent unreported income. Rule 142(a). At trial, petitioner admitted that he performed services for NAB, Berlin, Conesco, and Gennaro. Petitioner received checks totaling $ 118,090.50 from these four customers. [15] Petitioner deposited the checks received from these customers into the Chase account and the Chemical account. *429 These deposits represent income received for services rendered, and, therefore, are taxable under section 61(a)(1). We hold that with respect to the deposits of checks from these four customers, respondent has met her burden of proof that petitioner has unreported income in the amount of $ 62,671.50. There is no persuasive evidence in the record to support respondent's position that the checks deposited into the Chase account and the Chemical account and received from Judd Associates, Ltd.; Wang Properties, Ltd.; DH Farney Contractors, Gayle Construction Co., Inc.; Peter McCaffrey's Oakwood Travel, Inc.; Eastern Focus, Inc.; William F. Collins Co., Inc.; and William F. Collins, represent unreported income. Thus, respondent has not met her burden with respect to these deposits, and we *430 hold that petitioner is not required to include in income the amounts represented by these deposits. We next turn to the question of whether petitioner is entitled to claim his mother, Irene L. Collins, as a dependent. Section 151(c)(1)(A) allows a taxpayer to claim an exemption for each dependent (as defined in section 152) whose gross income is less than the exemption amount. Section 152(a)(4) defines the term "dependent" to include the mother of a taxpayer who receives over one-half of her support from the taxpayer during the taxable year. Petitioner bears the burden of proving that he provided over one-half of his mother's support during 1989. Petitioner did not substantiate that he provided over one-half of his mother's support during 1989; among other things, he offered no proof that he provided any support to his mother during the 1989 taxable year or that she resided with him during that year. [16] Thus, we sustain respondent on this issue and hold that petitioner is not entitled to claim his mother as a dependent. *431 With respect to petitioner's filing status, respondent bears the burden of proof; she first alleged in an amendment to her answer that petitioner's proper filing status is married filing separate return. Respondent has proven that petitioner was married throughout 1989. Thus, because a joint return was not filed by petitioner and his wife, we sustain respondent on this issue and hold that petitioner's proper filing status is married filing separate. See sec. 1(d). As to petitioner's claimed alimony deduction, section 215(a) permits a deduction for alimony payments paid during the taxable year. Petitioner bears the burden of proving that he is entitled to this deduction. Petitioner has failed to do so. Petitioner failed to prove that he paid his wife any alimony during the year, or, as he alleged at trial, that Perini Corp. withheld moneys from his payroll checks to be paid to his wife. Accordingly, we sustain respondent's determination on this issue and hold that petitioner is not entitled to an alimony deduction. With respect to the interest and dividends received by petitioner during 1989, in his deemed admissions petitioner admitted receiving these amounts in 1989. Therefore, *432 we sustain respondent's determinations on these issues and hold that petitioner must include in income the interest and dividends received by him during 1989. Petitioner admitted receiving earnings from various customers during 1989 for services he performed. Section 1401 imposes a tax on the "self-employment income" of every individual. "Self-employment income" is generally defined in section 1402(b) as "the net earnings from self-employment derived by an individual * * * during any taxable year." Section 1402(a) defines the term "net earnings from self-employment" as the "gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business". Section 1.1402(a)-2(b), Income Tax Regs., provides that the "trade or business must be carried on by the individual, either personally or through agents or employees." These provisions are broadly construed to favor treatment of income as earnings from self-employment. Hornaday v. Commissioner, 81 T.C. 830, 834 (1983); Edgmon v. Commissioner, T.C. Memo. 1993-486. *433 Because petitioner personally carried on the trade or business of providing services for various customers, we hold that he is liable for the self-employment tax with respect to moneys received from those customers for which we have determined that he had unreported compensation income. In an amendment to her answer, respondent alleged that petitioner was liable for an addition to tax under section 6651(a) because he did not timely file his 1989 Federal income tax return. When a taxpayer fails to file a return on or before the due date, the taxpayer incurs an addition to tax of 5 percent of the amount required to be shown as tax for each month the return is late, with a maximum of 25 percent. Sec. 6651(a)(1). Respondent has the burden of proof on this issue because she raised it in her answer. Rule 142(a); Bruner Woolen Co. v. Commissioner, 6 B.T.A. 881, 882 (1927); see also McCanless v. Commissioner, T.C. Memo. 1987-573. To prevail, respondent must prove that the untimely filing was not due to reasonable cause and was due to willful neglect. See sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985). *434 Respondent introduced no evidence to prove that petitioner's failure to file timely was not due to reasonable cause or was due to willful neglect. Thus, we hold for petitioner with respect to this addition. With respect to her allegation of fraud, respondent bears the burden of proving by clear and convincing evidence that petitioner is liable for an addition to tax for fraud. Sec. 7454(a); Rule 142(b); Toussaint v. Commissioner, 743 F.2d 309, 312 (5th Cir. 1984), affg. T.C. Memo. 1984-25; Wright v. Commissioner, 84 T.C. 636, 639 (1985). Respondent must meet this burden through affirmative evidence because fraud is never imputed or presumed. Toussaint v. Commissioner, supra at 312; Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Respondent's burden of proving fraud is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); *435 DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved from the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The taxpayer's entire course of conduct can be indicative of fraud. Stone v. Commissioner, 56 T.C. 213, 224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). Because fraud can rarely be established by direct proof of the taxpayer's intention, fraud may be proved by circumstantial evidence. Rowlee v. Commissioner, supra at 1123. Courts have developed various factors or "badges" which tend to establish fraud. The "badges of fraud", which we consider to be nonexclusive, include: (1) Understating income, (2) maintaining inadequate records, (3) failing to file tax returns, (4) giving implausible or inconsistent *436 explanations of behavior, (5) concealing assets, (6) failing to cooperate with tax authorities, (7) engaging in illegal activities, (8) attempting to conceal activities, (9) dealings in cash, and (10) failure to make estimated tax payments. Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Clayton v. Commissioner, 102 T.C. 632 (1994). Viewing the record as a whole, we are satisfied that respondent has met her burden of proving fraud. Among other things, we note that petitioner: (1) Intentionally understated his income, (2) kept inadequate records, (3) failed to cooperate with tax authorities, and (4) engaged in conduct which clearly indicates his attempt to conceal income through the use of phantom corporations. [17] With respect to petitioner's attempt to conceal income, petitioner deposited moneys that he received for his services into two bank accounts that were opened in the names of phantom corporations. He held himself out as engaging in business through these phantom corporations, yet neither entity legally existed. [18] Petitioner argues that *437 he operated his businesses through corporations because he held himself out as engaging in business through these corporations and because two banks allowed him to open accounts in these corporate names. We find these arguments to be without merit. We have considered the parties' other arguments and find them to be without merit. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule References are to the Tax Court Rules of Practice and Procedure.↩
2. The increased deficiency was attributed to respondent's allegation that petitioner had received an additional $ 23,751 in unreported income, and that petitioner's filing status was married filing separate return rather than single, as respondent had determined in her notice of deficiency.↩
3. At trial, respondent orally moved to have the pleadings conform to the evidence under Rule 41(b). By an Order of this Court, dated Aug. 3, 1994, we granted respondent's motion.↩
4. Based on this holding, we do not discuss the applicability of the addition to tax for negligence.↩
5. On Mar. 9, 1994, respondent served petitioner with a request for admissions. Petitioner did not respond to this request within 30 days after service. Therefore, the statements therein are deemed admitted. Rule 90(c). On Apr. 18, 1994, respondent filed a motion to compel production of documents. This motion was in response to petitioner's failure to: (1) Attend an informal conference, (2) furnish respondent with requested documents, and (3) contact respondent for the purpose of scheduling another conference. This motion was granted by this Court on Apr. 19, 1994, through an order in which petitioner was ordered to produce on or before May 10, 1994, all documents asked for by respondent. Petitioner failed to comply with the Court's order. As a result of petitioner's failure to comply with the Court's order, we granted respondent's oral motion for sanctions on June 13, 1994. As part of the sanctions, petitioner was not allowed to present at trial any documents requested in respondent's motion to compel production of documents. Respondent served interrogatories on petitioner on Apr. 29, 1994. Petitioner did not reply to these interrogatories. By order dated May 3, 1994, this Court ordered petitioner to answer the interrogatories on or before May 20, 1994. Petitioner failed to comply with the Court's order. As a result of petitioner's failure to comply with the Court's order, we granted respondent's oral motion for sanctions on June 13, 1994. As part of the sanctions, all issues as to which respondent's discovery request pertained were taken as established as set forth in the notice of deficiency.↩
6. Respondent was alerted to this amount through a Form 1099-NEC, Nonemployee Compensation, that NAB issued to petitioner to reflect its payments to him during the year. The checks underlying the Form 1099-NEC were made payable to William F. Collins Construction Co. instead of William F. Collins Construction Co., Inc. See infra↩ note 8.
7. NAB did not report these two checks on the Form 1099-NEC mentioned above, supra↩ n. 6, because these checks were made payable to William F. Collins Construction Co., Inc., rather than William F. Collins Construction Co.
8. William F. Collins Construction Co., Inc., was not a corporation but was one of petitioner's sole-proprietor businesses. Although a Certificate of Incorporation was filed on June 15, 1978, for William F. Collins Construction Co., Inc., the corporation was dissolved by proclamation of the Secretary of the State of New York on Dec. 30, 1981.↩
9. Collins Engineering, Inc., was not a corporation but was another one of petitioner's sole-proprietor businesses.↩
10. The $ 4,692.56 received from Perini Corp. and the $ 2,978.80 received from Slattery Associates, Inc., were received on account of the wages mentioned above.↩
11. Petitioner admitted to selling two trucks and a compressor to DH Farney Contractors. However, he did not admit to performing any work for this company.↩
12. Petitioner was married at all times during the 1989 taxable year.↩
13. Petitioner and Mary Ellen Collins were divorced after 1989.↩
14. Petitioner claims that he is entitled to deduct expenses with respect to any self-employment income that he received. We disagree. Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving his entitlement to all deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440↩ (1934). Petitioner has failed to do so. Petitioner has also failed to keep records sufficient to substantiate his claimed expenses and deductions. See sec. 6001.
15. Petitioner received $ 80,887.50 from NAB, $ 22,603 from Conesco, $ 12,000 from Berlin and $ 2,600 from Gennaro. We have already determined that $ 55,419 of this amount is unreported income. Thus, $ 62,671.50 is still at issue.↩
16. Although he claimed that he supported his mother through cash payments, we find this statement self-serving and lacking in corroboration.↩
17. Webster's New World Dictionary 1012 (3d coll. ed. 1988), defines "phantom" as a person or thing that is something in appearance but not in fact. We use the term "phantom corporation" to mean an entity that does not legally or factually exist.↩
18. We note that petitioner filed no income tax returns with respect to these phantom corporations, nor did petitioner present any books or records with respect to these entities.↩