T.C. Memo. 2003-259

UNITED STATES TAX COURT

STEPHEN P. ARNOLD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12911-01.                    Filed September 4, 2003.

Stephen P. Arnold, pro se.

<u>Martha J. Weber</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine respondent's determination of a $47,036 deficiency in his 1998 Federal income tax and additions thereto of $10,279, $2,970, and $2,067 under sections 6651(a)(1) and (2) and 6654(a),

respectively.[1]  Following concessions and respondent's assertion in the answer that petitioner is liable for an additional amount as to the addition to tax under section 6651(a)(1), we are left to decide:

1.  Whether petitioner may use the filing status of "Married filing joint return".  We hold that he may not.

2.  Whether petitioner realized losses on certain stock transactions.  We hold that he did not.

3.  Whether petitioner may deduct a loss of $86,889 from an S corporation named Only Kids, Inc. (Only Kids).  We hold that he may not.

4.  Whether petitioner may deduct certain itemized expenses in amounts greater than allowed by respondent.  We hold that he may not.

5.  Whether petitioner is liable for the additions to tax under sections 6651(a)(1) and 6654(a) included in the notice of deficiency and for the increase in the addition to tax under section 6651(a)(1) asserted by respondent in answer.  We hold that petitioner is liable only for the amounts included in the notice of deficiency.

---

[1] Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code, Rule references are to the Tax Court Rules of Practice and Procedure, and dollar amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Some facts were stipulated.  The stipulated facts and the accompanying exhibits are incorporated herein by this reference. We find the stipulated facts accordingly.  Petitioner was married throughout the subject year and resided in Memphis, Tennessee, when his petition was filed.  He has not filed a Federal income tax return for 1995 through 2000.

Petitioner is the president, chief executive officer, and sole shareholder of Only Kids.  Only Kids was incorporated on November 4, 1988, and it filed a 1998 Form 1120S, U.S. Income Tax Return for an S Corporation, reporting a loss of $86,889.  That return also reported that Only Kids had been an S corporation since the year of its incorporation and that as of the end of its 1998 taxable year, December 31, 1998, its balance sheet included capital stock, additional paid-in-capital, and a retained deficit in the amounts of $425,000, $2,049,649, and $2,053,361, respectively.  That balance sheet did not list any loans to Only Kids from petitioner.

Only Kids paid wages of $99,692 to petitioner during 1998. Petitioner also received during 1998 other items of gross income. First, he received interest and dividends of $99 and $463, respectively.  Second, he received $39,056 from Donaldson Lufkin & Arnold (DLA) and $16,349 from U.S. Clearing (USC) for sales of stock.  The proceeds from DLA were for sales in the respective

amounts of $3,237, $10,255, $3,354, $2,512, $3,193, $9,775, and $6,730.  The proceeds from USC were for sales in the respective amounts of $6,487 and $9,862.  As to the sales of $3,237, $10,255, $3,193, and $9,775, petitioner's basis in the underlying stock was $4,371, $8,738, $3,775, and $10,493, respectively, and his gain or loss on the sales was ($1,134), $1,517, ($582), and $718, respectively.  The record does not establish petitioner's basis as to the stock underlying any of the other sales.  Nor does the record establish petitioner's holding period as to any of the sales.

In the notice of deficiency, respondent determined petitioner's gross income on the basis of income reported to respondent by petitioner's payors.  That income included the amounts of wages, interest, dividends, and stock proceeds stated above.[2]  Respondent also determined in the notice of deficiency that petitioner's filing status was "Married filing separate return".

OPINION

1.  <u>Burden of Proof</u>

Taxpayers generally must prove the Commissioner's determinations wrong in order to prevail.  Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  As one exception to this

---

[2] As to the stock proceeds, respondent gave petitioner credit for the bases mentioned above and treated the gains and losses as short-term capital gains and losses.

rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue if the taxpayer maintained adequate records, satisfied applicable substantiation requirements, cooperated with the Commissioner, and introduced during the court proceeding credible evidence on the factual issue. The legislative history of section 7491(a) clarifies that taxpayers must prove that they have satisfied the adequate records, substantiation, and cooperation requirements before that section places the burden of proof upon the Commissioner. H. Conf. Rept. 105-599, at 240 (1998), 1998-3 C.B. 747, 994 ("The taxpayer has the burden of proving that it meets each of these conditions, because they are necessary prerequisites to establishing that the burden of proof is on the Secretary."); see also Prince v. Commissioner, T.C. Memo. 2003-247. The text of the statute requires that the taxpayer satisfy the remaining (credible evidence) requirement as a condition of placing the burden of proof upon the Commissioner.

We do not find that petitioner maintained adequate records, satisfied applicable substantiation requirements, or cooperated with respondent. Accordingly, we hold that section 7491(a) does not apply here to place the burden of proof upon respondent.

2. Filing Status

Section 1(a) allows married individuals to elect to compute their Federal income tax liability on the basis of a joint

return.  We conclude that petitioner is not entitled to compute his 1998 Federal income tax liability as such in that he has never filed a 1998 tax return.  See Thompson v. Commissioner, 78 T.C. 558, 561 (1982).  Although petitioner gave respondent's counsel a copy of his purported joint return for 1998, that "return" was not a joint return in that it was signed by neither him nor his wife.  Weber v. Commissioner, T.C. Memo. 1995-125; Gudenschwager v. Commissioner, T.C. Memo. 1989-6.  We sustain respondent's determination that petitioner's filing status for 1998 is "Married filing separate return".

3. Stock Sales

A taxpayer such as petitioner must recognize gain or loss on each sale of stock in an amount equal to the difference between the amount realized and his basis.  Secs. 1001, 1012.  Gain or loss on the sale of stock held for more than one year is considered long-term.  Sec. 1222(3) and (4).  Gain or loss on all other sales of stock is considered short-term.  Sec. 1222(1) and (2).  Taxpayers who fail to prove a basis in a sold asset are considered to have a zero basis in that asset.  Garret v. Commissioner, T.C. Memo. 1997-231; see also Reeve v. Commissioner, a Memorandum Opinion of this Court dated March 27, 1947.

Petitioner argues that he is entitled to recognize losses on sales of stock not mentioned above.  We disagree.  The record

does not establish that petitioner had any other such sales of stock during the relevant year.  In that petitioner has not disproved respondent's determination that his stock proceeds are taxable in full, with the exception of our findings above as to basis, that those proceeds were the only sales proceeds received by petitioner during the subject year, and that petitioner's gains and losses from his stock sales were short-term capital gains and losses, we sustain respondent's determination as to this issue.

4.  Loss From Only Kids

The pro rata share of an S corporation's loss passes through to its shareholders.  Sec. 1366(a)(1).  A shareholder may deduct such a loss to the extent that it does not exceed the shareholder's adjusted basis in (1) the shareholder's stock in the corporation plus (2) any debt owed by the corporation to the shareholder.  Sec. 1366(d)(1).  A taxpayer such as petitioner must establish that he has acquired basis in the referenced stock and debt and, to the extent that he does, that his basis in those items was not reduced to zero because of losses claimed in years predating the subject year.  Hogan v. Commissioner, T.C. Memo. 1999-365.  Taxpayers who fail to prove that they have any basis in an S corporation are considered to have a zero basis in that corporation.  Thomson v. Commissioner, T.C. Memo. 1983-279, affd. without published opinion 731 F.2d 899 (11th Cir. 1984).

Petitioner argues that he is entitled to deduct an $86,889 loss from Only Kids and that the 1998 Form 1120S, a single bank statement, and his testimony establish his basis in Only Kids. We disagree with petitioner when he asserts that he has established that he has a basis in Only Kids. The Form 1120S does not contain sufficient information for us to establish that he has any basis in Only Kids. Fehlhaber v. Commissioner, 94 T.C. 863, 869 (1990), affd. 954 F.2d 653 (11th Cir. 1992). Nor does the bank statement, which simply lists Only Kids' deposits and other credits for April 1998, establish that petitioner had any such basis. Although petitioner observes correctly that the statement reports that funds of $105,000 were wired into Only Kids' bank account during April 1988, the statement does not indicate the source of those wire transfers. In that petitioner testified vaguely and incoherently that the deposits were from his personal account, and that the record does not otherwise support that testimony, we decline to find the subject matter of that testimony as a fact. We conclude that petitioner's adjusted basis in Only Kids was zero for 1998 and, hence, that he was not entitled to deduct the referenced loss.[3]

_____

[3] We are mindful that petitioner, as the only shareholder of Only Kids, obviously had to have at least once invested in the corporation and that Only Kids' 1998 Form 1120S reported that Only Kids' balance sheet as of December 31, 1998, listed capital stock and additional paid-in-capital of $425,000 and $2,049,649, respectively. In that the record contains no credible evidence
(continued...)

## 5.  Itemized Expenses

Petitioner argues that he is entitled to deduct certain itemized expenses (i.e., medical expenses, real estate taxes, and home mortgage interest) in amounts greater than allowed by respondent.  In addition to his general burden of proof discussed above, petitioner must prove his entitlement to any deduction, e.g., by maintaining sufficient records to substantiate his claimed deductions.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Lychuk v. Commissioner, 116 T.C. 374, 384 (2001); see also sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Petitioner has failed to carry his burden of proof.  The record does not establish that petitioner is entitled to deduct any itemized expense in an amount greater than allowed by respondent. Lobe v. Commissioner, T.C. Memo. 2001-204, and cases cited therein.

## 6.  Additions to Tax

### a.  Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failing to file a return on or before the specified filing date unless it is

---

[3](...continued)
to persuade us that the amounts listed on the balance sheet are correct, we decline to find those amounts as facts.  We also note that petitioner has never filed a tax return for 1995 through 2000 and that the record does not establish his taxable income for any of the nondocketed years.  Petitioner, therefore, has failed to establish that any basis that he may have acquired in Only Kids' stock and debt before the subject year was not reduced to zero because of losses claimed in those earlier years.

shown that this failure is due to reasonable cause and not due to willful neglect.  Reasonable cause may exist if a taxpayer exercised ordinary business care and prudence and was nonetheless unable to file the return within the date prescribed by law. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect means a "conscious, intentional failure or reckless indifference."  United States v. Boyle, 469 U.S. 241, 245 (1985).

Respondent bears the burden of production with respect to this addition to tax.  Sec. 7491(c).  In order to meet this burden of production, respondent must produce sufficient evidence establishing that it is appropriate to impose this addition to tax.  Once respondent has done so, the burden of proof is upon petitioner, Higbee v. Commissioner, 116 T.C. 438, 449 (2001), except for the increased portion of the addition to tax asserted by respondent in the answer.  Respondent bears the burden of proof as to that portion of the addition to tax.  Rule 142(a)(1). Petitioner's burden of proof requires that he prove that his failure to file a timely 1998 tax return was due to reasonable cause and was not due to willful neglect.  Sec. 6651(a)(1); United States v. Boyle, supra at 245.  Respondent's burden of proof requires that he prove the contrary; i.e., that petitioner's failure to file timely was not due to reasonable cause or was due to willful neglect.  Sec. 6651(a)(1); United States v. Boyle, supra at 245; Bruner Woolen Co. v. Commissioner,

6 B.T.A. 881, 882 (1927); see also Banks v. Commissioner, T.C. Memo. 2001-48; Collins v. Commissioner, T.C. Memo. 1994-409; Taylor v. Commissioner, T.C. Memo. 1989-201; McCanless v. Commissioner, T.C. Memo. 1987-573.

Respondent has satisfied his burden of production in that the record establishes that petitioner has never filed a 1998 tax return. Petitioner must establish reasonable cause in order to prevail as to the portion of the addition to tax for which he bears the burden of proof. Petitioner has failed to present any persuasive evidence establishing that his failure to file that return timely was due to reasonable cause and was not due to willful neglect. Respondent, in turn, also has failed to introduce any evidence establishing to the contrary; i.e., that petitioner's failure to file timely was not due to reasonable cause or was due to willful neglect. We sustain respondent's determination as to the addition to tax under section 6651(a)(1) included in the notice of deficiency but hold for petitioner as to the portion of that addition to tax asserted in the answer.

b. Section 6654

Section 6654 imposes an addition to tax on an underpayment of estimated tax. This addition to tax is mandatory unless the taxpayer establishes that one of the exceptions listed in section 6654(e) applies. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

The record establishes that petitioner failed to pay the required amount of estimated tax for 1998.  We conclude that respondent has met his burden of production as to this issue. Given that the record does not establish that any of the referenced exceptions applies, we conclude that petitioner has failed to meet his burden of proof and sustain respondent's determination as to this issue.  See <u>Motley v. Commissioner</u>, T.C. Memo. 2001-257.

_____

All arguments made by the parties and not discussed herein have been rejected as meritless.

<u>Decision will be</u>

<u>entered under Rule 155</u>.